Marc C. Forsythe - State Bar No. 153854
Charity J. Miller – State Bar No. 286481
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
mforsythe@goeforlaw.com
cmiller@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Mt Yohai, LLC
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

|  |  |
|---|---|
| In re:<br><br>MT YOHAI, LLC, a Delaware liability company,<br><br>          Debtor and Debtor in Possession. | Case No. 8:16-bk-15157 CB<br><br>Chapter 11 Case<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER:**<br>**(1) APPROVING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS IF PURCHASER ACQUIRES REAL PROPERTY IN OTHER PENDING CHAPTER 11 CASE, SUBJECT TO OVERBID;**<br>**(2) FINDING BUYER IS A GOOD FAITH PURCHASER; AND**<br>**(3) WAIVING 14-DAY STAY OF FRBP 6004(h)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF JEFFREY YOHAI AND MARC C. FORSYTHE IN SUPPORT THEREOF**<br><br>**Hearing:**<br><br> Date:     December 13, 2017<br> Time:     11:00 a.m.<br> Place:    5D |

1

2　　　**TO THE HONORABLE CATHERINE BAUER, UNITED STATES BANKRUPTCY**

3　　**JUDGE, AND THE UNITED STATES TRUSTEE:**

4　　　**PLEASE TAKE NOTICE** that, pursuant to Local Bankruptcy Rule 6004-1, a hearing will be

5　　held on **December 13, 2017 at 11:00 a.m.** in Courtroom 5D at the United States Bankruptcy Court

6　　located at 411 West Fourth Street, Santa Ana, CA 92701, to consider this motion (the "Motion") filed

7　　by Debtor and Debtor-in-possession  Mt Yohai, a Delaware limited liability company ("Debtor"), for

8　　the entry of an order to approve the sale of the real property located at 2521 Nottingham Avenue, Los

9　　Angeles, CA 90027, consisting of raw land described herein, including any and all improvements to

10　　such property (the "Mt. Yohai Property") to Thomas Fanning, or his assign for $1,800,000.00 (the

11　　"Purchaser" or "Buyer"), subject to overbid.  A true copy of the Letter of Intent to Purchase is

12　　attached as **<u>Exhibit "A"</u>** to the Declaration of Jeff Yohai, attached hereto and incorporated herein by

13　　this reference (the "Yohai Dec.").  If another person or entity submits a bid of at least $1,900,00.00,

14　　an auction will be conducted on December 13, 2017 at 11:00 a.m.

15　　　Debtor filed its *Motion for Order Establishing Sale Procedures for Real Property* regarding the

16　　Mt. Yohai Property (the "Sale Procedures Motion") [Docket No. 138] for hearing set on November

17　　22, 2017, and a Notice of Errata was filed thereafter [Docket No. 139].   At the November 22, 2107

18　　hearing, the parties agreed to circulate proposed Sale Procedures, finalize the same and incorporate

19　　those into this Motion.  The Sale Procedures are set forth hereinbelow as agreed to by the parties.

20　　See Declaration of Marc C. Forsythe (the "Forsythe Dec."), ¶ 3, and incorporated herein by this

21　　reference.

22　　　The Mt. Yohai Property is subject to consensual liens in favor of Genesis, Bowery Design and

23　　Development, and Kathleen Manafort, as well as a property tax lien in favor of the Los Angeles

24　　County Treasurer.  The consensual lien in favor of Kathleen Manafort (in the amount of

25　　approximately $748,000) was recorded the day before the bankruptcy petition was filed on December

26　　21, 2016, and has been disputed by the Debtor's managing member, Baylor Holding, LLC, as a

27　　preference (pursuant to 11 U.S.C. Section 547) and as to whether the claim is debt or equity.

28　　Therefore, Debtor will assert that the auction to be conducted on December 13, 2017, will go forward

1

2    without the need to satisfy the lien recorded by Kathleen Manafort pursuant to 11 U.S.C. Section

3    363(f)(4) based on a "bona fide dispute" as to this lien.

4        This Motion is based upon this Notice of Motion, the declarations of Jeffrey Yohai ("Yohai

5    Dec.") and the Forsythe Dec., and the Memorandum of Points and Authorities filed in support hereof.

6    The goal of this Motion is to conduct an auction on December 13, 2017, to obtain the highest price

7    for the Mt. Yohai Property to pay off all undisputed, allowed or stipulated secured, unsecured,

8    priority and administrative claims against Debtor's estate.  Debtor believes that an interested buyer,

9    Retlaw & Darb, LLC ("R&D"), believes that sufficient funding will be obtained prior to the

10    December 13, 2017 auction (the "Auction") to pay off all undisputed, allowed or stipulated secured,

11    unsecured, priority and administrative claims against Debtor's estate.  If this does occur, R&D will

12    request that this Court not conduct an auction. The sale of the Mt. Yohai Property did not involve any

13    broker, such that no commission is owed to any broker.

14        **PLEASE TAKE FURTHER NOTICE** Debtor intends to sell the Mt. Yohai Property to the

15    Buyer subject to the Terms and Conditions of the Agreement.  If an overbid is received, an Auction

16    pursuant 11 U.S.C. § 363(b), (f), and (m) (the "Sale"), will be conducted pursuant to the following

17    Terms and Conditions, as summarized in the table below (hereinafter the "Sale Procedures"):

18    */ / /*

19
20    */ / /*

21

22

23

24

25

26

27

28

| | |
|---|---|
| Minimum Opening Bid | Bowery/Thomas Fanning has submitted a purchase and sale agreement for $1,800,000.00 (the "Buyer").  Bowery's $1,800,000 may be reduced by credit bidding its $522,000.00 stipulated secured claim.  Both Genesis and Bowery/Thomas Fanning are "Qualified Bidders" and may begin bidding with the amount of their respective secured claims in order of priority.  All other Bids must meet the requirements set forth hereinbelow. |
| Stalking Horse Bid | Bowery/Thomas Fanning is the stalking horse bidder. |
| Representations/Warranties | The Property shall be sold on an "as is, where is" basis and without representations or warranties of any kind, nature or description. |
| Treatment of Liens | The Property shall be sold, subject to approval by court order after the Auction, free and clear of all liens, claims, adverse claims of ownership pursuant to 11 U.S.C. § 363(f), with the existing liens to be treated as follows:<br><br>1.    The Genesis Lien shall be paid in full through escrow.  Genesis is a "Qualified Bidder."<br><br>2.    The Bowery Lien shall be paid in full through escrow.  Bowery is a "Qualified Bidder."<br><br>3.    Debtor disputes the Manafort Lien as a preferential transfer and will later challenge the validity of the Manafort Lien as equity and not debt.  This lien will not attach to the proceeds from the sale of the Property pursuant to 11 U.S.C. § 363(f)(4).<br><br>4.    The Tax Liens shall be paid in full through escrow<br><br>5.    All other liens, claims, and adverse claims of ownership, if any, shall attach to the net proceeds of the sale to the same extent, validity, and priority as they attached to the Property. |
| Qualification of Bidders | Only "Qualified Bidders" will be allowed to bid for the Property during the Auction.  Genesis and Bowery/Thomas Fanning are deemed to be Qualified Bidders without compliance with any of the foregoing provisions.<br><br>To qualify for bidding during the Auction, a bidder must:<br><br>1.    Provide, prior to or simultaneous with the submission of a bid, evidence reasonably acceptable to Debtor of the Qualified Bidder's ability to fully and timely perform if its bid were to be accepted by Debtor and approved by the |

| | Bankruptcy Court. |
|---|---|
| | 2.    Provide evidence, to Debtor's reasonable satisfaction, of the Potential Bidder's financial wherewithal and capability to fully and timely close the sale up to the amount that such Bidder bids at the Auction.<br><br>3.    The minimum bid required over the Stalking Horse Bid of $1,800,000.00 is $1,900,000.00 (the "Minimum Bid"). Every successive bid thereafter must be in increments of $25,000.00 (the "Subsequent Incremental Bid Amount").<br><br>4.    Submit a competing bid in conformity with the provisions of the Sale Procedures under which Debtor would receive cash consideration at closing in an amount not less than the Minimum Opening Bid. Deliver a good faith cash or cash equivalent deposit in the amount of $180,000 ("Deposit") plus of funds.<br><br>5.    Disclose all of its pre-petition and post-petition relationships with Debtor, other bidders, major creditors or equity security holders of the Debtor or any of its Affiliates. |
| Form of Bids | In addition, a Qualified Bidder shall:<br><br>1.    Deliver a written copy of its bid to Debtor by not later than 5:00 p.m. (PST) three (3) business days prior to the Auction ("Bid Deadline"). Debtor may extend the Bid Deadline once or successively but is not obligated to do so. If Debtor extends the Bid Deadline, it shall promptly notify all potential bidders of the extension.<br><br>2.    Make its bid irrevocable through the closing of the sale of the Property in an amount not less than the Minimum Bid Amount.<br><br>3.    Make its bid upon the same terms and conditions set forth in the *Agreement for Purchase and Sale of Property and Escrow Instructions* entered into between Debtor and Bowery/Thomas Fanning (the "Purchase Agreement"), which is attached as Exhibit A to the Declaration of Jeff Yohai, subject to such modification as the Qualified Bidder proposes, which shall be presented in a document marked to show changes from the Purchase Agreement and in conformity with items (a) through (f) below ("Marked Agreement"). The proposed modifications shall:<br><br>    (a)  not be conditioned upon obtaining financing or |

| | |
|---|---|
| | any internal approval, or upon the outcome or review of due diligence (the bid may, however, be subject to the accuracy in all material respects at the closing of specified representations and warranties or the satisfaction in all material respects at the closing of specified conditions, none of which shall be more burdensome than those set forth in the Purchase Agreement); |
| | (b)   be irrevocable through the closing of the sale of the Property; |
| | (c)   not request or entitle the bidder to any breakup fee, termination fee, expense reimbursement or similar type of payment; |
| | (d)   provide for the closing of the sale by the time specified for the "Closing" under the Purchase Agreement; |
| | (e)   acknowledge and represent that the bidder (i) has had an opportunity to inspect and examine the Property and the transaction structure set forth in the Purchase Agreement, (ii) in making its bid, has relied solely on its own independent review, investigation and/or inspection of same, and (iii) has not relied on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied or by operation of law or otherwise regarding same, or the completeness of any information provided in connection therewith at the Auction, except as expressly stated in the Marked Agreement or these Bid Procedures; and |
| | (f)  fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such bidding, and all terms of any such participation that, in the reasonable business judgment of Debtor, are relevant to such bid. |
| Auction Procedures | The Auction shall be conducted pursuant to the following terms:<br><br>1.    At least one (1) business day before the Auction, Debtor shall notify all Qualified Bidders of the Qualified Bid that, as determined in Debtor's sole discretion, is the highest or otherwise best Qualified Bid ("Baseline Bid").<br><br>2.    The Auction shall commence at 11:00 a.m. on |

| | |
|---|---|
| | December 13, 2017, in Courtroom 5D in the Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4593.

3.    All Qualified Bidders must be present at the Auction in person or through a qualified representation, and only Qualified Bidders who have submitted Qualified Bids will be eligible to participate in the Auction.  Unless specified by Debtor, no Qualified Bidder will be permitted more than ten (10) minutes to respond to the previous bid.

4.    Debtor will review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the transaction process and the best interests of the bankruptcy estate, including those factors asserting the speed and certainty of consummating the transaction. Immediately prior to the conclusion of the Auction, Debtor shall (i) identify the highest or otherwise best offer to purchase the Property ("Successful Bid"), (ii) identify the next highest or otherwise best offer after the Successful Bid ("Next Highest Bid"), and (iii) notify all Qualified Bidders present at the Auction the identities of the bidder that submitted the Successful Bid ("Successful Bidder") and of the bidder that submitted the Next Highest Bid ("Next Highest Bidder").

5.    Debtor and Successful Bidder shall close the sale within twenty-five (25) business days after entry of a court order approving the Sale and not subject to any stay ("Approval Order").  If the Successful Bidder fails to close the sale, Debtor is authorized to close the sale with the Bowery, as the Stalking Horse Bidder.  If Debtor decides to close with Bowery, as the Stalking Horse Bidder, then Debtor and Bowery shall have an additional twenty-five (25) business days to close.

6.    The Deposits of all Qualified Bidders will be held by Debtor's counsel in one or more non-interest bearing accounts.  Deposits made by Qualified Bidders, other than those made by the Successful Bidder and Bowery who agrees to maintain its status as a back-up bidder, shall be returned to such Qualified Bidders within fifteen (15) business days following the conclusion of the Auction. |
| Proceeds from Sale | Genesis, Bowery and the Tax Liens will be paid through the escrow. |
| Location of all Funds | All Deposits will be maintained in the Goe & Forsythe, LLP Attorney Client Trust Account until further order of the |

| | Bankruptcy Court.  After the payment to Genesis, Bowery and the Tax Liens through escrow, all excess Sale Proceeds will be maintained in the Goe & Forsythe, LLP Attorney Client Trust Account until further order of the Bankruptcy Court. |
|---|---|
| Sale is Final | Sale is final when the highest bid is submitted at the Auction, and the Court concludes the Auction. |
| Notice | The Debtor shall give notice of the sale and sale procedures to, at a minimum, all creditors, any parties who previously expressed interest to the Debtor or any of its agents in the Property, and additional parties that may be identified by Genesis, Bowery, Baylor or their agents. |

**PLEASE TAKE FURTHER NOTICE** that Debtor requests that the sale be made free and clear of all liens and other interests in the Mt. Yohai Property pursuant to § 363(f)(2), (4).

**PLEASE TAKE FURTHER NOTICE** that the Debtor requests the Court make a finding that the Purchaser is a good faith purchaser pursuant to 11 U.S.C. § 363(m).

**PLEASE TAKE FURTHER NOTICE** that Debtor requests that the Court waive the 14-day stay as set forth in Bankruptcy Rule 6004(h).

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) provides each interested party opposing or responding to the Motion must file and serve the response on the Debtor and the Office of the United States Trustee not later than 14 days before the date designated for hearing.

Dated:  November 22, 2017

Respectfully submitted by

GOE & FORSYTHE, LLP

By:    */s/ Marc C. Forsythe*
        Marc C. Forsythe
        GOE & FORSYTHE, LLP
        Attorneys for Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION  AND STATEMENT OF FACTS

### A.    The Debtor, the Property, the Secured Debt, the Purchaser and the Proposed Purchase Terms.

Debtor has executed a Letter of Intent to Purchase to sell the Property for $1,800,000.00, subject to overbid (the "Sale Agreement").  A true and correct copy of the Sale Agreement is attached as **Exhibit "A"** to the Declaration of Jeff Yohai, attached hereto and incorporated herein by this reference (the "Yohai Dec.").  If another person or entity is willing to offer at least $1,900,000.00 for the Property, Debtor will conduct an auction of the Mt. Yohai Property on December 13, 2017, at 11:00 a.m. (the "Auction').  The procedures of bidding and becoming qualified to bid are as follows (herein after the "Sale Procedures") (See Forsythe Dec., ¶3):

/ / /

/ / /

| | |
|---|---|
| Minimum Opening Bid | Bowery/Thomas Fanning has submitted a purchase and sale agreement for $1,800,000.00 (the "Buyer").  Bowery's $1,800,000 may be reduced by credit bidding its $522,000.00 stipulated secured claim.  Both Genesis and Bowery/Thomas Fanning are "Qualified Bidders" and may begin bidding with the amount of their respective secured claims in order of priority.  All other Bids must meet the requirements set forth hereinbelow. |
| Stalking Horse Bid | Bowery/Thomas Fanning is the stalking horse bidder. |
| Representations/War-ranties | The Property shall be sold on an "as is, where is" basis and without representations or warranties of any kind, nature or description. |
| Treatment of Liens | The Property shall be sold, subject to approval by court order after the Auction, free and clear of all liens, claims, adverse claims of ownership pursuant to 11 U.S.C. § 363(f), with the existing liens to be treated as follows:<br><br>6.    The Genesis Lien shall be paid in full through escrow.  Genesis is a "Qualified Bidder."<br><br>7.    The Bowery Lien shall be paid in full through escrow. Bowery is a "Qualified Bidder."<br><br>8.    Debtor disputes the Manafort Lien as a preferential transfer and will later challenge the validity of the Manafort Lien as equity and not debt.  This lien will not attach to the proceeds from the sale of the Property pursuant to 11 U.S.C. § 363(f)(4).<br><br>9.    The Tax Liens shall be paid in full through escrow<br><br>10.   All other liens, claims, and adverse claims of ownership, if any, shall attach to the net proceeds of the sale to the same extent, validity, and priority as they attached to the Property. |
| Qualification of Bidders | Only "Qualified Bidders" will be allowed to bid for the Property during the Auction.  Genesis and Bowery/Thomas Fanning are deemed to be Qualified Bidders without compliance with any of the foregoing provisions.<br><br>To qualify for bidding during the Auction, a bidder must:<br><br>6.    Provide, prior to or simultaneous with the submission of a bid, evidence reasonably acceptable to Debtor of the Qualified Bidder's ability to fully and timely perform if its bid were to be accepted by Debtor and approved by the |

| | |
|---|---|
| | Bankruptcy Court.<br><br>7.    Provide evidence, to Debtor's reasonable satisfaction, of the Potential Bidder's financial wherewithal and capability to fully and timely close the sale up to the amount that such Bidder bids at the Auction.<br><br>8.    The minimum bid required over the Stalking Horse Bid of $1,800,000.00 is $1,900,000.00 (the "Minimum Bid"). Every successive bid thereafter must be in increments of $25,000.00 (the "Subsequent Incremental Bid Amount").<br><br>9.    Submit a competing bid in conformity with the provisions of the Sale Procedures under which Debtor would receive cash consideration at closing in an amount not less than the Minimum Opening Bid. Deliver a good faith cash or cash equivalent deposit in the amount of $180,000 ("Deposit") plus of funds.<br><br>10.    Disclose all of its pre-petition and post-petition relationships with Debtor, other bidders, major creditors or equity security holders of the Debtor or any of its Affiliates. |
| Form of Bids | In addition, a Qualified Bidder shall:<br><br>4.    Deliver a written copy of its bid to Debtor by not later than 5:00 p.m. (PST) three (3) business days prior to the Auction ("Bid Deadline").  Debtor may extend the Bid Deadline once or successively but is not obligated to do so. If Debtor extends the Bid Deadline, it shall promptly notify all potential bidders of the extension.<br><br>5.    Make its bid irrevocable through the closing of the sale of the Property in an amount not less than the Minimum Bid Amount.<br><br>6.    Make its bid upon the same terms and conditions set forth in the *Agreement for Purchase and Sale of Property and Escrow Instructions* entered into between Debtor and Bowery/Thomas Fanning (the "Purchase Agreement"), which is attached as Exhibit A to the Declaration of Jeff Yohai, subject to such modification as the Qualified Bidder proposes, which shall be presented in a document marked to show changes from the Purchase Agreement and in conformity with items (a) through (f) below ("Marked Agreement").  The proposed modifications shall:<br><br>(g)    not be conditioned upon obtaining financing or |

any internal approval, or upon the outcome or review of due diligence (the bid may, however, be subject to the accuracy in all material respects at the closing of specified representations and warranties or the satisfaction in all material respects at the closing of specified conditions, none of which shall be more burdensome than those set forth in the Purchase Agreement);

(h)   be irrevocable through the closing of the sale of the Property;

(i)   not request or entitle the bidder to any breakup fee, termination fee, expense reimbursement or similar type of payment;

(j)   provide for the closing of the sale by the time specified for the "Closing" under the Purchase Agreement;

(k)  acknowledge and represent that the bidder (i) has had an opportunity to inspect and examine the Property and the transaction structure set forth in the Purchase Agreement, (ii) in making its bid, has relied solely on its own independent review, investigation and/or inspection of same, and (iii) has not relied on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied or by operation of law or otherwise regarding same, or the completeness of any information provided in connection therewith at the Auction, except as expressly stated in the Marked Agreement or these Bid Procedures; and

(l)  fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such bidding, and all terms of any such participation that, in the reasonable business judgment of Debtor, are relevant to such bid.

| | |
|---|---|
| Auction Procedures | The Auction shall be conducted pursuant to the following terms:<br><br>7.    At least one (1) business day before the Auction, Debtor shall notify all Qualified Bidders of the Qualified Bid that, as determined in Debtor's sole discretion, is the highest or otherwise best Qualified Bid ("Baseline Bid").<br><br>8.    The Auction shall commence at 11:00 a.m. on |

December 13, 2017, in Courtroom 5D in the Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4593.

9.     All Qualified Bidders must be present at the Auction in person or through a qualified representation, and only Qualified Bidders who have submitted Qualified Bids will be eligible to participate in the Auction.  Unless specified by Debtor, no Qualified Bidder will be permitted more than ten (10) minutes to respond to the previous bid.

10.     Debtor will review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the transaction process and the best interests of the bankruptcy estate, including those factors asserting the speed and certainty of consummating the transaction. Immediately prior to the conclusion of the Auction, Debtor shall (i) identify the highest or otherwise best offer to purchase the Property ("Successful Bid"), (ii) identify the next highest or otherwise best offer after the Successful Bid ("Next Highest Bid"), and (iii) notify all Qualified Bidders present at the Auction the identities of the bidder that submitted the Successful Bid ("Successful Bidder") and of the bidder that submitted the Next Highest Bid ("Next Highest Bidder").

11.     Debtor and Successful Bidder shall close the sale within twenty-five (25) business days after entry of a court order approving the Sale and not subject to any stay ("Approval Order").  If the Successful Bidder fails to close the sale, Debtor is authorized to close the sale with the Bowery, as the Stalking Horse Bidder.  If Debtor decides to close with Bowery, as the Stalking Horse Bidder, then Debtor and Bowery shall have an additional twenty-five (25) business days to close.

12.     The Deposits of all Qualified Bidders will be held by Debtor's counsel in one or more non-interest bearing accounts.  Deposits made by Qualified Bidders, other than those made by the Successful Bidder and Bowery who agrees to maintain its status as a back-up bidder, shall be returned to such Qualified Bidders within fifteen (15) business days following the conclusion of the Auction.

| | |
|---|---|
| Proceeds from Sale | Genesis, Bowery and the Tax Liens will be paid through the escrow. |
| Location of all Funds | All Deposits will be maintained in the Goe & Forsythe, LLP Attorney Client Trust Account until further order of the |

| | |
|---|---|
| | Bankruptcy Court.  After the payment to Genesis, Bowery and the Tax Liens through escrow, all excess Sale Proceeds will be maintained in the Goe & Forsythe, LLP Attorney Client Trust Account until further order of the Bankruptcy Court. |
| Sale is Final | Sale is final when the highest bid is submitted at the Auction, and the Court concludes the Auction. |
| Notice | The Debtor shall give notice of the sale and sale procedures to, at a minimum, all creditors, any parties who previously expressed interest to the Debtor or any of its agents in the Property, and additional parties that may be identified by Genesis, Bowery, Baylor or their agents. |

R&D believes that sufficient funding will be obtained prior to the December 13, 2017 Auction to pay off all undisputed, allowed or stipulated secured unsecured, priority and administrative claims against Debtor's estate.  If this does occur, R&D will request that this Court not conduct an auction. The sale of the Mt. Yohai Property did not involve any broker, such that no commission is owed to any broker.

The secured claims against the Mt. Yohai Property are as follows:

1.    Genesis:  $954,871.72 as of November 29, 2017.  The Debtor is engaged in discussions with Genesis concerning the calculation and payment of interest on the loan.

2.    Los Angeles County Treasurer & Tax Collector – approximately $51,210.80 through December 10, 2017.

3.    Bowery Design and Development:  $522,000.00.

The lien in favor of Mrs. Katheleen Manafort is disputed as a preference and as to whether such monies are an equity investment versus a claim against the Debtor.  Debtor has entered into the Letter of Intent to Purchase.  See **Exhibit "A"** to the Yohai Dec.

**B.    As All Creditors Will Be Paid, Debtor and R&D Believes a Private Sale is Justified.**

If R&D offers prior to or at the Auction sufficient monies to pay all secured claims against the Mt. Yohai Property (excluding an insider lien which is disputed) and all other allowed or stipulated claims against the Debtor, then no further bidding should be allowed.  After the sale is closed, Debtor

will either file in a very short time a plan to distribute the proceeds or seek to dismiss this bankruptcy case.

### C.    There Are No Adverse Tax Consequences of the Sale.

Because the Debtor is a limited liability company, there are no adverse tax consequences to the estate arising from the Sale.

## II.    ARGUMENT

By way of this Motion, Debtor requests the entry of an order that either:

1.    Approves the sale of the Property as set forth in the Agreement free and clear of liens and other interests, pursuant to 11 U.S.C. § 363(b), (f), and (m); finding Thomas Fanning, or his assign, Purchaser to be a good faith purchaser as described in 11 U.S.C. § 363(m), and waiving the 14-day stay set forth in Bankruptcy Rules 6004(h).

2.    If an overbid is received pursuant to the Sale Procedures, authorizing Debtor to sell the Mt. Yohai Property free and clear of liens and other interests to the winning bid by a Qualified Bidder at the Auction, pursuant to 11 U.S.C. § 363(b), (f), and (m); (ii) finding the Purchaser to be a good faith purchaser as described in 11 U.S.C. § 363(m), (iii) waiving the 14-day stay set forth in Bankruptcy Rules 6004(h).

### A.    The Sale Should Be Approved Pursuant to 11 U.S.C. § 363(b)

Section 363(b) of the Bankruptcy Code provides that after a notice and a hearing, a trustee or debtor in possession may sell property of the estate outside the ordinary course of business.  11 U.S.C. §§ 363(b) and 1107(a).

In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated various ways, represent essentially a business judgment test. 3-363 Collier on Bankruptcy ¶ 363.02[4].  "Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection."  *In re Lahijani*, 325 B.R. 282, 289 (BAP 9th Cir. 2005).  The bankruptcy court reviews the trustee's business judgment only "to determine independently whether the judgment is a reasonable one.  The court should not substitute its judgment for the trustee's but should determine

1

2 only whether the trustee's judgment was reasonable and whether a sound business justification exists

3 supporting the sale and its terms." 3-363 <u>Collier on Bankruptcy</u> ¶ 363.02[4].

4     An additional consideration when approving a sale of assets of the estate is that such sale is in

5 the "best interests of the estate". (<u>*In re Wilde Horse Enters., Inc.*</u>, 136 B.R. 830, 841 (Bankr. C.D.

6 Cal 1991); <u>*In re Lionel*</u>, 722 F. 2d 1063, 1070 (2nd Cir. 1983). While subjecting the sale to an overbid

7 procedure may ordinarily be the manner of sale which is most likely to obtain the highest and best

8 price for the property, and thus in the best interests of the estate, it is not always a necessary

9 component to such a sale.  Rather, the assessment of whether a sale is in the best interests of

10 creditors involves an analysis of all of the factors involved in the sale, including alternatives

11 available to the estate for disposition of the property.

12     Rule 6004(f)(1) provides that sales outside the ordinary course of business may be by private

13 sale or by public auction.  It is within the discretion of the trustee to determine whether a public

14 auction or private sale is appropriate.  <u>*In re Alisa Partnership*</u>, 15 B.R. 802 (Bankr. D. Del. 1981);

15 see also Fed. R. Bankr. Proc. 6004(f); 11 U.S.C. § 363(b)(1).  Generally, "[t]here is no prohibition

16 against a private sale or against a sale to insiders; and there is no requirement that the sale be by

17 public auction."  <u>*In re Woodscape Ltd. Partnership*</u>, 134 B.R. 165, 174 (Bankr. D. Md. 1991)

18 (discussing the sale of equity in a chapter 11 plan); <u>*see also*</u> <u>*In re Andy Frain Services, Inc.*</u>, 798 F.2d

19 1113, 1125 (7th Cir. 1986) (a sale to an insider is not per se bad faith).

20     In the context of private sales to an insider, it is "well established that, even when the purchaser

21 is an insider, the bankruptcy court should have wide latitude in approving even a private sale of all

22 or substantially all of the estate assets not in the ordinary course of business under § 363(b)." <u>*In re*</u>

23 <u>*Apex Oil Co.*</u>, 92 B.R. 847, 870 (Bankr. E.D. Mo. 1988) (quoting <u>*In re Ancor Exploration Co.*</u>, 30

24 B.R. 802, 808 (N.D. Okla. 1983)).  Each sale must be examined from its own facts to determine

25 whether approval is justified and the bankruptcy court should make the following specific findings

26 supported by the record:

27         1) Whether there are facts constituting an emergency or in the absence of a
demonstrated emergency, whether there are compelling facts and

28         circumstances which support approval of the sale, be it public or private;

2) If the trustee has not solicited other prospective purchasers, private or public, whether there are facts that justify the trustee not doing so; and

3) Whether the sale, private or public, is in the best interests of the debtor estate when the consideration paid and all other relevant factors are taken into account.

*Ancor Exploration*, 30 B.R. at 808.

As noted in ¶ 4 of the Forsythe Dec., any alleged beneficial interest Baylor Holding, LLC as the managing member of the Debtor and Mr. Jeff Yohai as an individual has in the Purchaser, however, is irrelevant in this case as it is anticipated sufficient funding will be obtained from the sale of the Mt. Yohai Property to pay off all undisputed, allowed or stipulated secured, unsecured, priority and administrative claims against Debtor's estate, so no adverse consequences can arise by this insider's interest in the Purchaser.

Based on the results of the Auction or an offer from R&D of sufficient monies to pay off all secured claims against the Mt. Yohai Property (excluding an insider lien which is disputed) and all other allowed or stipulated claims against the Debtor, all of the elements of Section 363(b) are met. After the sale is closed and depending on the price paid for the Mt. Yohai Property, Debtor will either file in a very short time a plan to distribute the proceeds or seek to dismiss this bankruptcy case.

**B.    The Sale Should Be Free and Clear of Liens and Other Interests Pursuant to 11 U.S.C. § 363(f)(2)**

Section 363(f)(2) provides that a sale of property pursuant to section 363(b) may be free and clear of any interest if such entity consents.  11 U.S.C. § 363(f)(2).   Depending on the price paid for the Mt. Yohai Property, Genesis has consented, and the Los Angeles County Treasurer and Bowery will be paid in full.

The Bankruptcy Code does not define the phrase "bona fide dispute."  Courts applying section 363(f)(4) have developed a standard for determining whether a "bona fide dispute" exists; that is whether there is an objective basis for either a factual or legal dispute as to the validity of the asserted interest. *In re Taylor*, 198 B.R. 142, 162 (Bankr. D.S.C. 1996); *In re Octagon Roofing*, 123

1

2  B.R. 583, 590 (Bankr. N.D. Ill. 1991); *In re Gaylord Grain LLC*, 306 B.R. 624, 627 (8th Cir. B.A.P.

3  2004); *In re Kellogg-Taxe*, 2014 Bankr. LEXIS 1033, 22 (Bankr. C.D. Cal. Mar. 17, 2014).

4      In ruling on a motion to sell estate property free and clear under § 363(f)(4), "a court need not

5  resolve the underlying dispute or determine the probable outcome of the dispute, but merely whether

6  one exists." *In re Taylor*, 198 B.R. 142, 162 (Bankr. D.S.C. 1996); *see also Octagon Roofing*, 123

7  B.R. at 590; *Kellogg-Taxe*, 2014 Bankr. LEXIS 1033, 22; *In re Collins*, 180 Bankr. 447, 452

8  (Bkrtcy. E.D. Va. 1995). "However, not any alleged dispute satisfies the subsection. It clearly

9  entails some sort of meritorious, existing conflict." *Id.* (citing *In re Atlas Machine & Iron Works v.*

10  *Bethlehem Steel*, 986 F.2d 709 (4th Cir. 1993)). Some courts have held that a lengthy history of

11  litigation over the validity of an interest is sufficient evidence that a bona fide dispute does indeed

12  exist over such interest. *See In re Daufuskie Island Props., LLC*, 431 B.R. 626 (Bankr. D.S.C.

13  2010); *Kellogg-Taxe*, 2014 Bankr. LEXIS 1033, 23.

14      The secured claim of Kathleen Manafort is disputed as a preference on the basis that Mrs.

15  Manafort's approximate $748,000 claim is an equity investment in the Debtor and not debt.

16  Therefore, pursuant to 11 U.S.C. Section 363(f)(4), Mrs. Manafort's claim is subject to a "bona fide

17  dispute" and the Mt. Yohai Property should be sold free and clear of this lien.

18      **C.    The Buyer is a Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m)**

19      Section 363(m) provides that a purchaser of property of the estate is protected from the effects

20  of a reversal or modification on appeal of the authorization to sell as long as the purchaser acted in

21  good faith and the appellant failed to obtain a stay of the sale. The Code does not define "good

22  faith." Courts have adopted various definitions. A good faith purchaser is "one who buys property .

23  . . for value, without knowledge or adverse claims." *In re Mark Bell Furniture Warehouse, Inc.*, 992

24  F.2d 7, 8 (1st Cir. 1993). "Typically, lack of good faith is shown by fraud, collusion between the

25  purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other

26  bidders." *In re Ewell*, 958 F.2d 276, 279 (9th Cir. 1992).

27      The Ninth Circuit has held that there is a presumption of good faith in favor of a buyer in a sale

28  under 11 U.S.C. 363(m) in its decision in In re *Cooper Commons, LLP.*, 424 F3d 963, 970 (9th Cir.

1

2   2005). In *Cooper Commons*, the court noted that, as explained in *In re Adams Apple*, 829 F2d 1484,

3   1489 (9th Cir. 1987), in connection even with a sale to a creditor under Section 363(m), the court

4   presumes the buyer's good faith and then inquires as to whether the presumption can be overcome.

5   *See In re Zuercher Trust of 1999*, 2014 Bankr. Lexis 5061 (BAP 9th Cir. 2014)

6          If R&D is the Successful Bidder, this does not rebut the presumption that the Buyer is a good

7   faith buyer for purposes of Section 363(m).  The proceeds from the a sale to R&D will result in

8   sufficient monies to pay all secured claims against the Mt. Yohai Property (excluding an insider lien

9   which is disputed) and all other allowed or stipulated claims against the Debtor.   After the sale is

10  closed, Debtor will either file in a very short time a plan to distribute the proceeds or seek to dismiss

11  this bankruptcy case.  The sale price provides substantial value to the estate which evidences that it

12  was made in good faith, as do all the other conditions of the purchase.

13          **D.     The Court Should Waive the 14-Day Stay Set Forth in Bankruptcy Rule 6004(h)**

14          Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property is stayed until

15  the expiration of 14 days after entry of the order, unless the court orders otherwise.  Absent any

16  objection to the Motion, Debtor requests that the 14-day stay set forth in Bankruptcy Rule 6004(h)

17  be waived as the Buyer desires to move forward as soon as possible to close the Mt. Yohai Property

18  sale.

19  **III.  CONCLUSION**

20          In conclusion, if a overbid is made in the amount of $1,900,000, the Auction should go

21  forward in order to obtain the highest price for the Mt. Yohai Property to pay all creditors, unless the

22  proceeds from a sale to R&D will result in sufficient monies to pay off all undisputed, allowed or

23  stipulated secured, unsecured, priority and administrative claim's against the Debtor' estate

24  (excluding an insider lien which is disputed).  After the sale is closed, Debtor will either file in a

25  very short time a plan to distribute the proceeds or seek to dismiss this bankruptcy case.

26          **WHEREFORE,** Debtor respectfully requests that the Court enter an order:

27          1.  Granting the Motion in its entirety;

28          2.  If there is no overbid pursuant to the Sale Procedures, approving the sale of the Property to

Thomas Fanning or his assign, pursuant to the Letter of Intent to Purchase, free and clear of Genesis, Los Angeles County Treasurer, Bowery Design and Development,  and Kathleen Manafort liens pursuant to 11 U.S.C. § 363(f)(2) and (4); finding that the Thomas Fanning or his assign to be a good faith purchaser pursuant to 11 U.S.C. § 363(m); and waiving the 14-day stay set forth in Bankruptcy Rule 6004(h);

3.   If an overbid is received pursuant to the Sale Procedures, authorizing Debtor to sell the Mt. Yohai Property free and clear of liens and other interests to the winning bid by a Qualified Bidder at the Auction, pursuant to 11 U.S.C. § 363(b), (f), and (m); (ii) finding that Purchaser to be a good faith purchaser as described in 11 U.S.C. § 363(m), (iii) waiving the 14-day stay set forth in Bankruptcy Rules 6004(h); and

4.   Affording such other and further relief as is appropriate under the circumstances.

Dated:  November 22, 2017          Respectfully submitted by:

GOE & FORSYTHE, LLP


By:   */s/ Marc C. Forsythe*_____
Marc C. Forsythe
GOE & FORSYTHE, LLP
Attorneys for Debtor

1

2                    **<u>DECLARATION OF JEFFREY YOHAI</u>**

3         I, Jeffrey Yohai, declare and state:

4         1.    I am the sole managing member of Baylor Holding, LLC, who is also the managing

5   member of (a) 2401 Nottingham, LLC, a Debtor and Debtor in Possession in Case No. 8:16-bk-

6   15243-CB ("2401 Nottingham Debtor"); (b) 1550 Blue Jay Way, LLC, a Debtor and Debtor in

7   Possession in Case No. 8:16-bk-15171-CB ("1550 Blue Jay Debtor"); (c) 779 Stradella, LLC, a

8   Debtor and Debtor in Possession in Case No. 8:16-bk-15156-CB ("779 Stradella Debtor"); and (d)

9   of Mt Yohai, LLC, a Debtor and Debtor in Case No. 8:16-bk15157-CB ("Mt. Yohai Debtor").  The

10  matters stated hereinafter are within my personal knowledge, and if called upon as a witness, I could

11  and would competently testify thereto.

12        2.    I have reviewed the Debtor's *Motion for Order: (1) Approving the Sale of Real Property*

13  *Free and Clear of Liens and Other Interests if Purchaser Acquires Real Property in Other Pending*

14  *Chapter 11 Case; (2) Finding Buyer is a Good Faith Purchaser; and (3) Waiving 14-Day Stay of*

15  *FRBP 6004(h)* ("Motion"), and the information therein is true and correct.  The facts set forth herein

16  are personally known to me and, if call as a witness, I could and would testify thereto.

17        3.    I reviewed the Sale Motion and the matters set forth therein are true to the best of my

18  knowledge, information, and belief.

19        4.    A true copy of the Letter of Intent to Purchase between Debtor and Thomas Fanning, or

20  his assign, is attached as **<u>Exhibit "A"</u>** hereto and incorporated herein by this reference.

21        5.    With the assistance of my counsel and counsel for the Debtor, I negotiated with

22  representatives of R&D the terms of a proposed Agreement for the Mt. Yohai Property.  I am

23  advised that R&D is prepared to either make its offer prior to the Auction or to participate at the

24  Auction to acquire the Mt. Yohai Property.

25        6.    At my request objections have been filed against a number of claims lodged against the

26  Debtor.  The secured claim of Kathleen Manafort was objected to because it was recorded against

27  the Mt. Yohai Property on the eve of the Petition filing.  I also believe that the claim of Kathleen

28  Manafort does not represent a loan to the Debtor but rather equity in the Debtor.  The Debtor has

also objected to claims asserted by or on behalf of DCM and related entities which claim to have made loans to the Debtor or to have advanced money on behalf of the Debtor.  At this time I do not believe that the Debtor owes any sum to DCM and related entities.

7.    At this time I am still engaged with representatives of Genesis to assess the calculation and payment of interest on the Genesis loan on the Mt. Yohai Property.  I expect these discussions to conclude before the December 13, 2017 sale date.

8.    Once the Mt. Yohai Property is sold, the Debtor intends to complete the objections to claims as outlined above.  After the claims are resolved, I would ask that the case be dismissed in order to avoid any additional costs associated with the appointment of a chapter 7 Trustee or the filing of a chapter 11 Plan in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of November 2017 at Los Angeles, California.


_____
Jeffrey Yohai

# EXHIBIT A

November 15, 2017

Marc Forsythe, Esq.
Goe & Forsythe, LLP
18101 Von Karman, Suite 1200
Irvine, CA 92612

       Re:         In re Mt. Yohai, LLC
       Case No.:    8:16-bk-15157-CB
       Property:    2521 Nottingham Avenue, Los Angeles, CA

Dear Mr. Forsythe:

Subject to execution of an agreement in a form acceptable to Thomas Fanning or Assignee ("Buyer") and Mt. Yohai, LLC ("Seller"), the provisions set forth in this letter of intent (the "LOI") constitute a general outline of the terms and conditions, among others, pursuant to which Buyer will consider entering into an agreement (the "Purchase Agreement") between Seller and Buyer regarding the sale of the Property (as hereinafter defined).

| | | |
|---|---|---|
| 1. | Property Description: | 2521 Nottingham Ave., Los Angeles, CA 90027, Assessor's Parcel Number: 5588-002-044. Legal Description: TR=PARCEL MAP AS PER BK 27 P 14 OF PM LOT A. Lot Acreage: 2.6410. All architectural and building plans, details and specifications (the "Property"). |
| 2. | Purchase Price: | $1,800,000.00, subject to reduction by $522,000.00 in the event Bowery Investment Group, Inc. dba Design & Development waives and releases it secured claim against the Property and the Debtor Mt. Yohai, LLC prior to or concurrently with the Close of Escrow. |
| 3. | Terms: | All cash at close of escrow. |
| 4. | Initial Deposit: | $27,000.00 (the "Initial Deposit") to be deposited into a mutually acceptable Escrow within 10 business days of execution of the Purchase Agreement. |
| 5. | Purchase Agreement Form and Escrow Instructions: | Buyer and Seller shall execute a Purchase Agreement (in a form acceptable to Buyer and Seller) on or before fifteen (15) business days from the delivery of the Purchase Agreement to Buyer. |
| 6. | Additional Deposit: | Upon approval of feasibility matters pursuant to Section 8 of this LOI, the Initial Deposit will be increased by an additional $27,000.00 (the "Additional Deposit") for a total of $54,000.00 as the total Deposit (the "Total Deposit"). The Total Deposit will remain fully applicable to the Purchase Price at Close of Escrow. |

EXHIBIT "A"

| 7. | Contingencies to Closing: | Sale is subject to: |
|---|---|---|

- Approval of the United States Bankruptcy Court

- Property being free and clear of all liens and encumbrances at Close of Escrow.

- Buyer obtaining title insurance in a form satisfactory to Buyer.

- Buyer approving title and all non-monetary encumbrances that will remain on the Property after Close of Escrow.

- Payment in full through escrow to Genesis of their approximate debt of $910,000 and Bowery Design and Development of their debt of $522,000 and payment of all property taxes and all other monetary claims against the Property.

- Buyer, at Buyer's sole discretion and election, may receive a $522,000 credit against the Purchase Price in the event Bowery Design & Development executes and files a notarized statement waiving and releasing its secured claim against the Property and the Debtor Mt. Yohai, LLC prior to or concurrently with the Close of Escrow.

| 8. | Feasibility: | Buyer will have 20 business days from the mutual execution of the Purchase Agreement by both parties (the "Effective Date") to complete all feasibility matters to its satisfaction regarding the development of the Property (the "Feasibility Period"). Seller will provide Buyer with all building plans, reports and information including all documents prepared by Bowery Design & Development ("Feasibility Materials"). Buyer understands that until escrow closes they are only entitled to view and not take possession of documents from Bowery. If Buyer fails to notify Seller in writing of the waiver of this condition prior to the end of the Feasibility Period, the Purchase Agreement will automatically terminate. If Buyer waives this condition by written notice to Seller prior to the end of the Feasibility Period, its sole remedy in the event Close of Escrow does not proceed as the result of Seller's inability to deliver free and clear title for the Property will be a return of the Total Deposit. |
|---|---|---|

| 9. | Feasibility Materials: | Seller shall provide to Buyer within five (5) calendar days of execution of the Purchase Agreement, the Feasibility Materials. |
|---|---|---|

| | | |
|---|---|---|
| 10. | No Warranties or Representations: | The Property is being sold in its "As-Is" condition without warranty or representation of any kind by Seller. Buyer acknowledges that the purchase of the Property will not be contingent upon receipt of sewer or other utility permits for the Property prior to expiration of the Feasibility Period or prior to the Close of Escrow. |
| 11. | Title and Escrow: | Within 5 business days after execution of the Purchase Agreement, Buyer will open an Escrow at the mutually acceptable title company designated in the Purchase Agreement. |
| 12. | Title and Escrow Fees: | At the Closing Date, Seller shall pay the cost of the CLTA Owner's Policy of Title Insurance, all documentary transfer taxes, recording fees, and 50% of the escrow fees. Buyer shall be responsible for all costs to provide an ALTA Title Policy and any endorsements. Each party shall pay its own fees and expenses for attorneys and consultants. All other costs and expenses will be allocated between Buyer and Seller in a manner customary in Los Angeles County to be further defined within the Purchase and Sale Agreement. |
| 13. | Close of Escrow: | Escrow shall close the earlier of January 20, 2018 or 20 calendar days after the order approving the sale becomes final. Buyer may, at his unilateral discretion, extend the escrow closing by no more than 30 calendar days. |
| 14. | Right to Enter: | Seller shall permit Buyer and its agents the right to enter the property on reasonable notice during the contingency period for purposes of conducting inspections, environmental surveying and appraisals necessary for escrow. Buyer shall indemnify and hold Seller harmless from any damages resulting from such entry. |
| 15. | Seller's Indemnifications: | Seller shall indemnify Buyer from any obligations for 1) sales commissions related to the Property and 2) any other debts of seller not specifically assumed by the buyer. |
| 16. | Disclosures: | Seller shall provide full disclosures of all known material facts and conditions relating to the Property, including any hazardous materials. |
| 17. | Agency Disclosures/ Commissions: | Seller will represent and warrant to Buyer that it has not engaged broker or intermediary in connection with the proposed transaction and will agree to indemnify Buyer for any other loss, liability, and reasonable expenses, including attorneys' fees, incurred by virtue of any action on its part giving rise to a breach |

of such warranty or a claim for such other fees.  No brokers have been retained and therefore no commissions are due.

18. Breakup Fee:    In the event that the above Buyer's offer is accepted and a motion is filed to authorize the sale but the Property is ultimately sold to another buyer, the Buyer shall be entitled to a breakup fee of $25,000 to cover his costs and fees of being the original bidder.

This non-binding LOI is intended solely as a preliminary expression of general intent and interest and is to be used for general discussion purposes only; it is neither an offer nor an acceptance and its execution will not create a contractual relationship between the parties. The parties hereby agree that this LOI does not create any agreement, obligation, right, duty, or otherwise by either party to continue to further discuss or negotiate the Purchase Agreement. The parties have absolutely no contractual duties to one another, and the parties expressly agree and acknowledge that no implied covenants attach to this LOI including, but not limited to, the implied covenant of good faith and fair dealing. Only the full and final execution and delivery of the Purchase Agreement will create any obligations with respect to the sale of the Property. Without limiting the foregoing, the parties may: (i) negotiate with other parties with respect to the Premises and any other subject matter of this LOI; (ii) enter into a formal agreement with another party with respect to the Premises and any other subject matter of this LOI; (iii) propose different or additional terms than those contained in this LOI; and (iv) unilaterally terminate all negotiations with the other party with respect to the subject matter of this LOI without liability of any kind whatsoever, and without explanation, cause or reason at any time prior to execution of the Purchase Agreement. Any party to this LOI who takes any actions in reliance on this LOI does so at its own cost, expense, risk and peril. This LOI will, at all times, remain non-binding, notwithstanding any oral or written statements, or other conduct, unless and until the parties fully execute and deliver a formal Purchase Agreement.

**SELLER:**                                    **BUYER:**

MT. YOHAI, LLC                          THOMAS FANNING


By: _____          By: _____
      Jeffrey Yohai, President of                   Thomas Fanning
Name:  Baylor Holding, LLC
Its:     Managing Member

1

2

## DECLARATION OF MARC C. FORSYTHE

3

I, Marc C. Forsythe, declare and state:

4

1.      I am a partner of Goe & Forsythe, LLP, counsel to Mt. Yohai, the Debtor herein.  I

5

make this declaration in support of Debtor's *Motion for Order: (1) Approving the Sale of Real*

6

*Property Free and Clear of Liens and Other Interests if Purchaser Acquires Real Property in Other*

7

*Pending Chapter 11 Case; (2) Finding Buyer is a Good Faith Purchaser; and (3) Waiving 14-Day*

8

*Stay of FRBP 6004(h)* ("Motion").  The facts set forth herein are personally known to me and, if

9

called as a witness, I could and would testify thereto.

10

2.      The lien in favor of Mrs. Kathleen Manafort is disputed as a preference and as to

11

whether such monies are an equity investment versus a claim against the Debtor.

12

3.      The parties agreed to the following Sale Procedures:

13

/ / /

14

/ / /

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| Minimum Opening Bid | Bowery/Thomas Fanning has submitted a purchase and sale agreement for $1,800,000.00 (the "Buyer").  Bowery's $1,800,000 may be reduced by credit bidding its $522,000.00 stipulated secured claim.  Both Genesis and Bowery/Thomas Fanning are "Qualified Bidders" and may begin bidding with the amount of their respective secured claims in order of priority.  All other Bids must meet the requirements set forth hereinbelow. |
| Stalking Horse Bid | Bowery/Thomas Fanning is the stalking horse bidder. |
| Representations/Warranties | The Property shall be sold on an "as is, where is" basis and without representations or warranties of any kind, nature or description. |
| Treatment of Liens | The Property shall be sold, subject to approval by court order after the Auction, free and clear of all liens, claims, adverse claims of ownership pursuant to 11 U.S.C. § 363(f), with the existing liens to be treated as follows: 11.   The Genesis Lien shall be paid in full through escrow.  Genesis is a "Qualified Bidder." 12.   The Bowery Lien shall be paid in full through escrow.  Bowery is a "Qualified Bidder." 13.   Debtor disputes the Manafort Lien as a preferential transfer and will later challenge the validity of the Manafort Lien as equity and not debt.  This lien will not attach to the proceeds from the sale of the Property pursuant to 11 U.S.C. § 363(f)(4). 14.   The Tax Liens shall be paid in full through escrow 15.   All other liens, claims, and adverse claims of ownership, if any, shall attach to the net proceeds of the sale to the same extent, validity, and priority as they attached to the Property. |
| Qualification of Bidders | Only "Qualified Bidders" will be allowed to bid for the Property during the Auction.  Genesis and Bowery/Thomas Fanning are deemed to be Qualified Bidders without compliance with any of the foregoing provisions. To qualify for bidding during the Auction, a bidder must: 11.   Provide, prior to or simultaneous with the submission of a bid, evidence reasonably acceptable to Debtor of the Qualified Bidder's ability to fully and timely perform if its bid were to be accepted by Debtor and approved by the |

| | |
|---|---|
| | Bankruptcy Court.<br><br>12.   Provide evidence, to Debtor's reasonable satisfaction, of the Potential Bidder's financial wherewithal and capability to fully and timely close the sale up to the amount that such Bidder bids at the Auction.<br><br>13.   The minimum bid required over the Stalking Horse Bid of $1,800,000.00 is $1,900,000.00 (the "Minimum Bid"). Every successive bid thereafter must be in increments of $25,000.00 (the "Subsequent Incremental Bid Amount").<br><br>14.   Submit a competing bid in conformity with the provisions of the Sale Procedures under which Debtor would receive cash consideration at closing in an amount not less than the Minimum Opening Bid. Deliver a good faith cash or cash equivalent deposit in the amount of $180,000 ("Deposit") plus of funds.<br><br>15.   Disclose all of its pre-petition and post-petition relationships with Debtor, other bidders, major creditors or equity security holders of the Debtor or any of its Affiliates. |
| Form of Bids | In addition, a Qualified Bidder shall:<br><br>7.   Deliver a written copy of its bid to Debtor by not later than 5:00 p.m. (PST) three (3) business days prior to the Auction ("Bid Deadline").  Debtor may extend the Bid Deadline once or successively but is not obligated to do so. If Debtor extends the Bid Deadline, it shall promptly notify all potential bidders of the extension.<br><br>8.   Make its bid irrevocable through the closing of the sale of the Property in an amount not less than the Minimum Bid Amount.<br><br>9.   Make its bid upon the same terms and conditions set forth in the *Agreement for Purchase and Sale of Property and Escrow Instructions* entered into between Debtor and Bowery/Thomas Fanning (the "Purchase Agreement"), which is attached as Exhibit A to the Declaration of Jeff Yohai, subject to such modification as the Qualified Bidder proposes, which shall be presented in a document marked to show changes from the Purchase Agreement and in conformity with items (a) through (f) below ("Marked Agreement").  The proposed modifications shall:<br><br>(m)   not be conditioned upon obtaining financing or |

25

| | |
|---|---|
| | any internal approval, or upon the outcome or review of due diligence (the bid may, however, be subject to the accuracy in all material respects at the closing of specified representations and warranties or the satisfaction in all material respects at the closing of specified conditions, none of which shall be more burdensome than those set forth in the Purchase Agreement);<br><br>(n)   be irrevocable through the closing of the sale of the Property;<br><br>(o)   not request or entitle the bidder to any breakup fee, termination fee, expense reimbursement or similar type of payment;<br><br>(p)   provide for the closing of the sale by the time specified for the "Closing" under the Purchase Agreement;<br><br>(q)  acknowledge and represent that the bidder (i) has had an opportunity to inspect and examine the Property and the transaction structure set forth in the Purchase Agreement, (ii) in making its bid, has relied solely on its own independent review, investigation and/or inspection of same, and (iii) has not relied on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied or by operation of law or otherwise regarding same, or the completeness of any information provided in connection therewith at the Auction, except as expressly stated in the Marked Agreement or these Bid Procedures; and<br><br>(r)  fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such bidding, and all terms of any such participation that, in the reasonable business judgment of Debtor, are relevant to such bid. |
| Auction Procedures | The Auction shall be conducted pursuant to the following terms:<br><br>13.   At least one (1) business day before the Auction, Debtor shall notify all Qualified Bidders of the Qualified Bid that, as determined in Debtor's sole discretion, is the highest or otherwise best Qualified Bid ("Baseline Bid").<br><br>14.   The Auction shall commence at 11:00 a.m. on |

| | |
|---|---|
| | December 13, 2017, in Courtroom 5D in the Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4593.<br><br>15.   All Qualified Bidders must be present at the Auction in person or through a qualified representation, and only Qualified Bidders who have submitted Qualified Bids will be eligible to participate in the Auction.  Unless specified by Debtor, no Qualified Bidder will be permitted more than ten (10) minutes to respond to the previous bid.<br><br>16.   Debtor will review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the transaction process and the best interests of the bankruptcy estate, including those factors asserting the speed and certainty of consummating the transaction. Immediately prior to the conclusion of the Auction, Debtor shall (i) identify the highest or otherwise best offer to purchase the Property ("Successful Bid"), (ii) identify the next highest or otherwise best offer after the Successful Bid ("Next Highest Bid"), and (iii) notify all Qualified Bidders present at the Auction the identities of the bidder that submitted the Successful Bid ("Successful Bidder") and of the bidder that submitted the Next Highest Bid ("Next Highest Bidder").<br><br>17.   Debtor and Successful Bidder shall close the sale within twenty-five (25) business days after entry of a court order approving the Sale and not subject to any stay ("Approval Order").  If the Successful Bidder fails to close the sale, Debtor is authorized to close the sale with the Bowery, as the Stalking Horse Bidder.  If Debtor decides to close with Bowery, as the Stalking Horse Bidder, then Debtor and Bowery shall have an additional twenty-five (25) business days to close.<br><br>18.   The Deposits of all Qualified Bidders will be held by Debtor's counsel in one or more non-interest bearing accounts.  Deposits made by Qualified Bidders, other than those made by the Successful Bidder and Bowery who agrees to maintain its status as a back-up bidder, shall be returned to such Qualified Bidders within fifteen (15) business days following the conclusion of the Auction. |
| Proceeds from Sale | Genesis, Bowery and the Tax Liens will be paid through the escrow. |
| Location of all Funds | All Deposits will be maintained in the Goe & Forsythe, LLP Attorney Client Trust Account until further order of the |

27

| | |
|---|---|
| | Bankruptcy Court.  After the payment to Genesis, Bowery and the Tax Liens through escrow, all excess Sale Proceeds will be maintained in the Goe & Forsythe, LLP Attorney Client Trust Account until further order of the Bankruptcy Court. |
| Sale is Final | Sale is final when the highest bid is submitted at the Auction, and the Court concludes the Auction. |
| Notice | The Debtor shall give notice of the sale and sale procedures to, at a minimum, all creditors, any parties who previously expressed interest to the Debtor or any of its agents in the Property, and additional parties that may be identified by Genesis, Bowery, Baylor or their agents. |

4.    Any alleged beneficial interest Baylor Holding, LLC as the managing member of the Debtor and Mr. Jeff Yohai as an individual has in the Purchaser is irrelevant in this case, as it is anticipated sufficient funding will be obtained from the sale of the Mt. Yohai Property to pay off all undisputed, allowed or stipulated secured, unsecured, priority and administrative claims against Debtor's estate, so no adverse consequences can arise by this insider's interest in the Purchaser., so no adverse consequences can arise by this insider's interest in the Purchaser.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of November, 2017 at Irvine, California.


/s/Marc C. Forsythe
Marc C. Forsythe

1

2

**PROOF OF SERVICE OF DOCUMENT**

3

4

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

5

6

7

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER: (1) APPROVING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS IF PURCHASER ACQUIRES REAL PROPERTY IN OTHER PENDING CHAPTER 11 CASE; (2) FINDING BUYER IS A GOOD FAITH PURCHASER; AND (3) WAIVING 14-DAY STAY OF FRBP 6004(h); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF JEFFREY YOHAI AND MARC C. FORSYTHE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

8

9

10

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 22, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

11

⊠      Service information continued on attached page

12

13

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) November 22, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

14

15

16

⊠      Service information continued on attached page

17

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 22, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

18

19

20

- Honorable Catherine Bauer, USBC, 411 West Fourth Street, Santa Ana, CA 92612

21

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

22

| November 22, 2017 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| Date | Printed Name | Signature |

23

24

25

26

27

28

1

2          <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

3          - **Simon Aron**    saron@wrslawyers.com
           - **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
4          - **Marc C Forsythe**    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
           - **Richard Girgado**    rgirgado@counsel.lacounty.gov
5          - **Chad V Haes**    chaes@marshackhays.com, ecfmarshackhays@gmail.com
           - **Michael J Hauser**    michael.hauser@usdoj.gov
6          - **D Edward Hays**    ehays@marshackhays.com, ecfmarshackhays@gmail.com
           - **James Andrew Hinds**    jhinds@jhindslaw.com, mduran@jhindslaw.com
7          - **Scott A Kron**    scott@kronandcard.com
           - **Marc Y Lazo**    mlazo@whbllp.com
8          - **Richard A Marshack**    rmarshack@marshackhays.com,
             lbergini@marshackhays.com;ecfmarshackhays@gmail.com
9          - **Paul R Shankman**    pshankman@jhindslaw.com, mduran@jhindslaw.com
           - **Rachel M Sposato**    rsposato@jhindslaw.com, mduran@jhindslaw.com
10         - **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**In re Mt Yohai, LLC**
**USBC Case #8:16-bk-15157-CB**

**Debtor**
Mt Yohai, LLC
3991 MacArthur Blvd., Ste. #125
Newport Beach, CA 92660-3049

**United States Trustee**
United States Trustee
411 West Fourth Street, #7160
Santa Ana, CA 92701-4500

## CREDITORS

Bowery Design and Development
8581 Santa Monica BLVD #204
West Hollywood, CA 90069-4120

California TD Specialists
8190 East Kaiser Blvd
Anaheim, CA 92808-2215

Crest Real Estate, LLC
11150 W. Olympic Blvd., Suite 700
Los Angeles, CA 90064-1825

Genesis Capital Master Fund II, LLC
Attn Lending Department
21650 Oxnard Street
Suite 1700
Woodland Hills, CA 91367-5058

Jessica Manafort
703 Greenleaf
Topanga, CA 90290

Kathleen Manafort
721 Fifth Avenue #43G
New York, NY 10002-2537

Paul Manafort
721 Fifth Avenue #43G
New York, NY 10002-2537

Samara Engineering
9100 S Sepulveda Blvd., Suite 115
Los Angeles, CA 90045-4849

Richard M. Pachulski, Esq.
Jeffrey W. Dulberg, Esq.
PACHULSKI STANG et al
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003

Jeffrey Yohai
30254 Morning View Drive
Malibu, CA 90265

Jeffrey Yohai
Baylor Holding LLC
3991 MacArthur Blvd. #125
Newport Beach, CA 92660

Los Angeles County Tax Collector
PO Box 54018
Los Angeles, CA 90054-0018

Robert L. Gerner III
c/o Sotheby's International Realty
9255 Sunset Blvd., Mezzanine
West Hollywood, CA 90069

Thomas Fanning
8581 Santa Monica Blvd., #204
West Hollywood, CA 90069

LA County Treasurer & Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

Robert L. Gerner
1210 Grant Street
Santa Monica, CA 92405

**POC #1 Address for LA County Treasurer**
LA County Treasurer & Tax Collector
PO Box 54110
Los Angeles, CA 90054

**POC #2 Address for FTB**
Franchise Tax Board
PO Box 2952
Sacramento, CA 95812-2952

**POC #3 Address for Genesis Capital**
Jeffrey W. Dulberg, Esq.
Pachulski Stang et al
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**POC #4 Address for Bowery Design**
Bowery Inv. Group dba Bowery Design
c/o Scott A Kron Esq
Kron & Card, LP
29222 Ranch Viejo Rd #114
San Juan Capistrano, CA 92675

**Request to be added**
Stephen D. Blevit, Esq.
Sidley Austin, LLP
1999 Avenue of the Stars, 17th Fl.
Los Angeles, CA 90067

**Request to be added**
Sophia Daneshgar
1021 Cove Way
Beverly Hills, CA 90210