JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
RACHEL M. SPOSATO (SBN 306045)
rsposato@jhindslaw.com
HINDS & SHANKMAN, LLP
21257 Hawthorne Blvd., 2nd Floor
Torrance, CA 90503
Telephone: (310) 316-0500
Facsimile:  (310) 792-5977

Attorneys for Baylor Holding, LLC

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MT YOHAI, LLC, a Delaware liability company,<br><br>    Debtor and Debtor in Possession. | Case No. 8:16-bk-15157-CB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF ALAN FETZER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2004-1]<br><br>EXAM DATE: January 15, 2018<br>TIME:          10:00 A.M.<br>PLACE:      Hinds & Shankman, LLP<br>PLACE:      21257 Hawthorne Blvd., 2nd FL<br>              Torrance, CA 90503<br><br>DOCUMENT PRODUCTION<br>DATE:         January 8, 2018<br>TIME:          9:00 a.m.<br>PLACE:      21257 Hawthorne Blvd., 2nd FL<br>              Torrance, CA 90503 |

NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF ALAN FETZER PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

1

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, TO THE OFFICE OF THE UNITED STATES TRUSTEE, TO THE DEBTOR AND ITS COUNSEL OF RECORD, AND TO ALL INTERESTED PARTIES AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that Baylor Holding, LLC (hereinafter referred to as "Baylor"), the Managing Member of the Debtor, Mt Yohai, LLC, hereby files this Motion (hereinafter referred to as the "Motion") seeking entry of an Order, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, authorizing the oral examination of Alan Fetzer, of Fetzer & Company, and the production by Mr. Fetzer of certain books and records in his possession or under his control. The full basis for the Motion is set forth in detail in the attached Memorandum of Points and Authorities and the accompanying Declaration of Jeffrey Yohai.

Baylor proceeds by way of this Motion because Alan Fetzer, of Fetzer & Company (hereinafter collectively referred to as "Fetzer"), is the former bookkeeper for the Debtor, Mt. Yohai, LLC (hereinafter referred to as the "Debtor" or "Mt. Yohai"), and other entities with matters filed before this Court, specifically, 779 Stradella, LLC, Case No. 8:16-bk-15156-CB, 1550 Blue Jay Way, LLC, Case No. 8:16-BK-15171-CB, and 2401 Nottingham, LLC, Case No. 8:16-bk-15243-CB (dismissed), and it is believed Mr. Fetzer is in possession and/or under the control of certain books and records of the Debtor that are necessary for the administration of the Debtor's Estate. Prior requests on Mr. Fetzer to voluntary produce the requested information and documents have proven unsuccessful as a result of Mr. Fetzer's refusal to cooperate. Contact with Mr. Fetzer has been directly with him via e-mail.

The subject matter of the examination will be **(1)** the scope of Mr. Fetzer's employment for the Debtor including, but not limited to, maintenance of the books and records of the Debtor and filings of certain financial documents, **(2)** the location of the books, records, and financial documents of the Debtor which are in the possession and/or under the control of Mr. Fetzer, **(3)** communication with third-parties regarding the Debtor's books and records, **(4)** instructions received from third-parties regarding the Debtor's books

and records, **(5)** the source(s) of equity into the Debtor, and **(6)** the sources of and management of funds received and/or reviewed by Mr. Fetzer as it pertains to the Debtor.

Counsel for Baylor has met and conferred with Mr. Fetzer in accordance with Local Bankruptcy Rule 2004-1(a). Specifically, on December 6, 2017, counsel for Baylor sent an e-mail to again requesting Fetzer's cooperation in locating and producing to Baylor all documents and files related to the operation of the Debtor, 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC. As of the date of this Motion Mr. Fetzer has again failed and refused to release any documents to Baylor or the Debtor. (See Declaration of James Andrew Hinds, Jr. at ¶¶ 4 and 5.)

This Motion is made and is based upon Rule 2004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2004-1, the attached Memorandum of Points and Authorities, and Declarations of Jeffrey Yohai and James Andrew Hinds, Jr., the entire record in the Debtor's bankruptcy case, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2004-1(d), the Court may grant the Motion without a hearing. Upon entry of an Order granting the Motion, the Debtor shall appear for an oral examination and the production of documents as requested by Baylor. Both the document production and examination shall be conducted on dates not less than twenty-one (21) days after the date of service of this Motion.

**PLEASE TAKE FURTHER NOTICE** that Mr. Fetzer may object to the document production and/or oral examination by filing a motion for protective order with the Clerk of the Bankruptcy Court and serving such motion on the United States Trustee, the Debtor and its counsel of record, and counsel for Baylor whose name and address appear at the top, left-hand corner of the first page of this Notice. Any motion for protective order must be filed and served not less than fourteen (14) calendar days before the proposed date of the document production or oral examination, and be set for hearing not less than two (2) court days before the proposed date of the document production or oral examination, unless an order shortening time is granted by the Court.

---

NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF ALAN FETZER PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

**WHEREFORE**, Baylor respectfully requests the Court to enter an order: **(1)** granting the Motion in its entirety; and **(2)** authorizing Baylor to inspect and copy the Requested Documents; and **(3)** compelling Mr. Fetzer to appear for an oral examination at Hinds & Shankman, LLP, 21257 Hawthorne Blvd., 2nd Floor, Torrance, CA 90503, commencing on January 15, 2018, at 10:00 a.m.; and **(4)** granting such other and further relief as the Court deems just and proper.

Dated: December 8, 2017

JAMES ANDREW HINDS, JR
PAUL R. SHANKMAN
RACHEL M. SPOSATO
HINDS & SHANKMAN, LLP


By: /s/ Rachel M. Sposato
      RACHEL M. SPOSATO,
Attorneys for Baylor Holding, LLC Managing
Member of the Debtor and Debtor-in-Possession

## I.

## MEMORANDUM OF POINTS AND AUTHORITIES

A.   Jurisdiction and Venue

    1.    On or about December 21, 2016, Mt. Yohai, LLC filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No Trustee has been appointed at this time. Mt. Yohai remains the Debtor and Debtor-in-Possession.

B.   Statement of Relevant Facts

    2.    Prior to filing for bankruptcy, Baylor and Mt. Yohai employed Alan Fetzer of Fetzer & Company as its bookkeeper and financial advisor. Alan Fetzer of Fetzer & Company also acted as the bookkeeper and financial advisor to the Debtor, 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC. (Declaration of Jeffrey Yohai at ¶ 4.)

    3.    Mr. Fetzer maintained possession of the books, records, and financial documents for Mt. Yohai and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC.

    4.    After Mt. Yohai filed for bankruptcy, Baylor, as the Managing Member of Mt. Yohai, made several demands on Mr. Fetzer to turnover of all books, records, and financial documents in his possession or under his control. As of the date of this filing, Mr. Fetzer has not complied. (See Yohai Dec. at ¶ 5 and Hinds Dec. at ¶¶ 4 and 5.)

    5.    The books, records, and financial documents of Mt. Yohai, along with 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC held by Mr. Fetzer are critical to the continuing administration of Mt. Yohai's estate (as well as 779 Stradella's estate, 1550 Blue Jay Way, LLC's estate , and 2401 Nottingham, LLC) and preparing the Chapter 11 Plan. (See Yohai Dec. at ¶ 6.)

    6.    Based upon the foregoing, Baylor believes it is imperative to examine Mr. Fetzer to determine, among other things: **(1)** the scope of Mr. Fetzer's employment for the Debtor, and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC, including, but

1   not limited to, maintenance of the books and records of the Debtor, and 779 Stradella, LLC,

2   1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC, and filings of certain financial

3   documents; **(2)** the location of the books, records, and financial documents of the Debtor,

4   and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC, which are in

5   the possession and/or under the control of Mr. Fetzer; **(3)** communication with third-parties

6   regarding the Debtor's (and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401

7   Nottingham, LLC) books and records; **(4)** instructions received from third-parties regarding

8   the Debtor's (and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC)

9   books and records; **(5)** the source(s) of equity into the Debtor (and 779 Stradella, LLC, 1550

10   Blue Jay Way, LLC, and 2401 Nottingham, LLC); and **(6)** the sources of and management

11   of funds received and/or reviewed by Mr. Fetzer as it pertains to the Debtor and 779

12   Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC. (See Yohai Dec. at ¶

13   7.)

14

15                                     **II.**

16                              **DISCUSSION**

17       Rule 2004 of the Federal Rules of Bankruptcy Procedure (hereinafter referred to as

18   the "Bankruptcy Rules") provides that, "[o]n motion of any party in interest, the court may

19   order the examination of any entity." Fed. R. Bankr. P. 2004(a). The term "party in interest"

20   in a Chapter 11 bankruptcy includes, "the debtor, the trustee, a creditors' committee, an

21   equity security holders' committee, a creditor, an equity security holder, or an indenture

22   trustee." 11 U.S.C. § 1109(b). Ultimately, "[t]he 'party in interest' definition has generally

23   been construed broadly. *In re Global Indus. Techs.*, 645 F. 3d 201, 211 (3d Cir. 2011) ('The

24   list of potential parties in interest in §1109(b) is not exclusive')." *Sharp v. Evanston Ins. (In re*

25   *C.M. Meiers Co.)*, 2016 Bankr. LEXIS 4611, *93 (Bankr. C.D. Cal. December 20, 2016).

26   Baylor, as the managing member of Mt. Yohai, qualifies as a "party in interest" who may

27   seek an order from the Court to take a Rule 2004 examination.

28

1    The scope of a Rule 2004 examination is broad, and provides for additional areas of

2    examination when conducted in a Chapter 11 bankruptcy: "The examination of an

3    entity…may relate only to the acts, conduct, or property or to the liabilities and financial

4    condition of the debtor, or to any matter which may affect the administration of the debtor's

5    estate…In a…reorganization case under chapter 11…the examination may also relate to

6    the operation of any business and the desirability of its continuance, the source of any

7    money or property acquired or to be acquired by the debtor for the purpose of

8    consummating a plan and the consideration given or offered thereof, and any other matter

9    relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b).  Courts

10    interpret a Rule 2004 exam as "'unfettered and broad' and is akin to a 'fishing expedition.'"

11    *In re Subpoena Duces Tecum & Ad Testificandum Pursuant to Fed. R. Bankr. P. 2004*, 461

12    B.R. 823, 829 (Bankr. C.D. Cal. 2011), *quoting, in part, In re GHR Energy Corp.*, 33 B.R.

13    451, 453-54 (Bankr. D. Mass. 1983).

14    Local Bankruptcy Rule 2004-1(b) requires that the moving party explain why the

15    requested examination cannot proceed under either Rule 7030 or Rule 9014 of the

16    Bankruptcy Rules.  Rule 7030 governs depositions in an adversary proceeding, and Rule

17    9014 governs contested matters.  The Bankruptcy Rule 2004 document production and

18    examination requested by Baylor herein cannot proceed under Bankruptcy Rule 7030 or

19    9014 because there is current no adversary proceeding or contested matter pending

20    between Baylor and Mr. Fetzer, the Debtor and Mr. Fetzer, or any other party which

21    implicates the Requested Documents being sought by Baylor.  Therefore, a motion brought

22    pursuant to Bankruptcy Rule 7030 or 9014 would be improper.

23    Local Bankruptcy Rule 2004-1(c) and (d) provide that, upon not less than twenty-one

24    (21) days' notice of a Bankruptcy Rule 2004 examination, the Court may rule on the Motion

25    without a hearing.  Prior to filing this Motion, Baylor sought the cooperation of Mr. Fetzer.

26    Counsel for Baylor reached out to Mr. Fetzer in September of 2017 and actually spoke with

27    Mr. Fetzer.  During these communications counsel for Baylor impressed upon Mr. Fetzer the

28    need to have immediate access to the books and records of the Debtor and , 779 Stradella,

LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC.  (Hinds Dec. at ¶ 4.)

Accordingly, Baylor will be in compliance with the notice provisions of Local Bankruptcy

Rule 2004-1.


III.

**CONCLUSION**

Baylor respectfully requests that this Court enter an Order: **(1)** granting the Motion in

its entirety; **(2)** authorizing Baylor to compel Alan Fetzer to produce and permit inspection

and copying of the Requested Documents described in Exhibit "1" hereto, by no later than

January 8, 2018 at 9:00 a.m. in the office of Baylor's counsel; and **(3)** compelling Alan

Fetzer to appear for an oral examination at in the office of Baylor's counsel on January 15,

2018, beginning at 10:00 a.m. and **(4)** granting such other and further relief as the Court

deems just and proper.


Dated: December 8, 2017

JAMES ANDREW HINDS, JR
PAUL R. SHANKMAN
RACHEL M. SPOSATO
HINDS & SHANKMAN, LLP


By: /s/ Rachel M. Sposato
    RACHEL M. SPOSATO,
Attorneys for the Equity Creditor/Managing
Member of the Debtor and Debtor-in-
Possession, Baylor Holding, LLC

NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF ALAN FETZER PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

8

**DECLARATION OF JEFFREY YOHAI IN SUPPORT OF 2004 EXAM MOTION**

I, Jeffrey Yohai, declare and state as follows:

1. I am the Managing Member of the Debtor and Debtor-in-Possession, Baylor Holding, LLC (hereinafter referred to as "Baylor"). Baylor also asserts an interest in other bankruptcy cases filed before this Court, *viz*, specifically, 779 Stradella, LLC, Case No. 8:16-bk-15156-CB, 1550 Blue Jay Way, LLC, Case No. 8:16-BK-15171-CB, and 2401 Nottingham, LLC, Case No. 8:16-bk-15243-CB (dismissed). The matters set forth herein are made of my own knowledge based upon my review of the files related to the Chapter 11 Bankruptcy, In re Mt. Yohai, LLC, Case No.: 8:16-bk-15157-CB. I have personal knowledge in the matters set forth herein, and if called and sworn as a witness I could and would testify competently thereto.

2. I make this declaration in support of the Motion for Entry of an Order authorizing Baylor to obtain documents from Alan Fetzer of Fetzer & Company, and directing the oral examination of Mr. Fetzer regarding the Debtor's finances, the maintenance of books and records, and the location of the books and records, as well as the finances, maintenance of books and records, and the location of the books and records for 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC.

3. On or about December 21, 2016, Mt. Yohai, LLC filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No Trustee has been appointed at this time. Mt. Yohai remains the Debtor and Debtor-in-Possession.

4. Prior to filing for bankruptcy, Baylor and Mt. Yohai employed Alan Fetzer of Fetzer & Company as its bookkeeper and financial advisor. Alan Fetzer of Fetzer & Company also acted as the bookkeeper and financial advisor to the Debtor, 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC.

5. After Mt. Yohai filed for bankruptcy, Baylor, as the Managing Member of Mt. Yohai, made several demands on Mr. Fetzer to turnover of all books, records, and financial documents in his possession or under his control. As of the date of this filing, Mr. Fetzer has not complied.

NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF ALAN FETZER PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

9

6.  The books, records, and financial documents of Mt. Yohai held by Mr. Fetzer are critical to the continuing administration of Mt. Yohai's estate, and preparing the Chapter 11 Plan and the further administration of the Estate.

7.  Based upon the foregoing, Baylor believes it is imperative to examine Mr. Fetzer to determine, among other things: **(1)** the scope of Mr. Fetzer's employment for the Debtor (and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC) including, but not limited to, maintenance of the books and records of the Debtor (and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC) and filings of certain financial documents; **(2)** the location of the books, records, and financial documents of the Debtor (and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC) which are in the possession and/or under the control of Mr. Fetzer; **(3)** communication with third-parties regarding the Debtor's (and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC's) books and records; **(4)** instructions received from third-parties regarding the Debtor's (and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC's) books and records; **(5)** the source(s) of equity into the Debtor (and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC); and **(6)** the sources of and management of funds received and/or reviewed by Mr. Fetzer as it pertains to the Debtor (and 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC).

I declare under the penalty of perjury and the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this __7__ day of December 2017 at Los Angeles, California.



JEFFREY YOHAI

## DECLARATION OF JAMES ANDREW HINDS, JR. IN SUPPORT OF
## 2004 EXAM MOTION

I, James Andrew Hinds, Jr., declare and state as follows:

1.    I am an attorney duly licensed to practice law before all of the Courts of the State of California and the United States Circuit Courts for the 9th, 4th, 3rd, the United States District Court for the Central District of California, the Southern District of California, the Northern District of California, and the Eastern District of California. I am the managing partner of Hinds & Shankman, LLP located in Torrance, California. I have personal knowledge of the facts and matters set forth herein and if called and sworn as a witness, I could and would testify competently thereto.

2.    Based on my review of the docket for the Debtor's bankruptcy case, I do not believe there is currently an adversary proceeding or contested matter pending against the Debtor, Mr. Fetzer, or Baylor that implicates the information and documentation sought by Baylor pursuant to this Motion. Since there is no such pending adversary proceeding or contested matter currently pending, discovery under Federal rules of Bankruptcy Procedure 7030 or 9014 is unavailable to Baylor at this time.

3.    Attached hereto as Exhibit "1" is a list of the documents which Baylor requires that Mr. Fetzer produce in conjunction with the proposed 2004 exam in this case.

4.    I have conferred with Mr. Fetzer via letter (sent by e-mail) and telephone on September 11, 2017 regarding the Debtor's need to have copies of its books and records to aid in the administration of this case and the other bankruptcy cases filed before this Court (viz. , 779 Stradella, LLC, 1550 Blue Jay Way, LLC, and 2401 Nottingham, LLC). A copy of the letter and e-mail are attached hereto, collectively, as Exhibit "2," and incorporated in full herein.

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF ALAN FETZER PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

11

5.   On December 6, 2017, I again e-mailed to Mr. Fetzer regarding this examination. As part of the communication, I requested open dates for the 2004 exam of him.  As of the date of this declaration I have not heard back from Mr. Fetzer.

I declare under the penalty of perjury and the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 8th day of December 2017 at Torrance, California.

JAMES ANDREW HINDS, JR.

# EXHIBIT "1"

# EXHIBIT "1"

## REQUEST FOR PRODUCTION

## DEFINITIONS

The following definitions apply to each of the requests set forth hereinafter, are deemed incorporated therein, and supplement any particular definitions and requests for information contained therein, unless expressly stated to the contrary within any such request.  Except as set forth below, all words used in this document request have their ordinary meaning.

1. "YOU," YOUR," or "FETZER" shall mean and refer to Fetzer & Company, its affiliates, predecessors and successors, and its agents, employees and representatives.

2. "MT YOHAI" shall mean and refer to Debtor, Mt. Yohai, LLC its affiliates, predecessors and successors, and its agents, employees and representatives.

3. "779 STRADELLA" shall mean and refer to 779 Stradella, LLC, its affiliates, predecessors and successors, and its agents, employees and representatives.

4. "1550 BLUE JAY" shall mean and refer to 1550 Blue Jay Way, LLC, its affiliates, predecessors and successors, and its agents, employees and representatives.

5. "2401 NOTTINGHAM" shall mean and refer to 2401 Nottingham, LLC, its affiliates, predecessors and successors, and its agents, employees and representatives.

6. "BANKING DOCUMENTS" shall mean and refer to documents produced by financial institutions, including, but not limited to, bank statements, wire transfers, wire confirmations, deposit tickets, deposit confirmations, signature cards, transfer notifications, transfer instructions, and/or withdrawal requests.

000013

7. The term "DOCUMENT" or "DOCUMENTS" shall defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure including all electronically stored information.  The term "document(s)" shall include, without limitation, the original (or, when the original is not in your possession, custody or control, a carbon or other identical copy) and any non-identical copy (*e.g.*, different from the original because of attachments, notes or markings) of all written, printed, typed, recorded, or visually or aurally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, letters, email or other electronic communications, notes, memoranda, books, records, lists, profiles, summaries, minutes, bills, contracts, agreements, orders, receipts, drawings or sketches, advertisements or promotional literature, marketing materials, business plans, manuals, newsletters, telegrams, tapers, discs, computer tapes, hard drives, films or other recordings, test data and reports prepared by any person.  This includes all electronically stored information.

The term "DOCUMENT" or "DOCUMENTS" shall also include all electronically stored information (hereinafter "ESI") including, but not limited to, computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media, including Digital Communications (e.g. e-mail, voice mail, instant messaging, chats, tweets, blog posts, social media posts, comments, etc.), E-Mail Server Stores (e.g. Microsoft Exchange, Gmail), Word Processed Documents (e.g. Word or WordPerfect files and drafts), Spreadsheets and tables (e.g. Excel or Lotus 123 worksheets), Accounting Application Data (e.g. Quickbooks, Money, Peachtree data), Image and Facsimile Files (e.g. .PDF,

C00014

.TIFF, .JPA, .GIF images), Sound Recordings (e.g. WAV and .MP3 files), Video and Animation (e.g. .AVI and .MOV files), Databases (e.g. Access, Oracle, SQL Server data, SAP, other), Contact and Relationship Management Data (e.g. Outlook, ACT!), Calendar and Diary Application Data( e.g. Outlook PST, blog entries), Online Access Data (e.g. Temporary Internet Files, History, Cookies), Presentations (e.g. PowerPoint), Network Access and Server Activity Logs, Project Management Application Data, Computer Aided Design/Drawing Files' and Backup and Archival Files (e.g. Veritas, Zip, .GHO).  Your search for ESI shall include all of computer hard drivees, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smart phone, tablets, proprietary software and inactive or unused computer disc storage areas.

8. The term "COMMUNICATIONS" or "COMMUNICATION" shall mean any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (e-mail), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

9. "CONCERNING" shall mean and include in the broadest possible sense: analyzing, assessing, constituting, describing, discussing, embodying, evidencing, memorializing, mentioning, referring to, reflecting, regarding, summarizing, and/or stating.

10. "RELATING TO" meaning concerning, referring to, describing, evidencing, or constituting, either directly or indirectly.

11. "PRIVILEGE" as used in this document request is defined as incorporating the attorney-client privilege and any other statutory or non-statutory privileges, including, but not limited to, the attorney work product doctrine.

## INSTRUCTIONS

1. Please produce all requested documents including all electronically stored information as kept in the usual course of business or organize and label them to correspond to the categories in this request.

2. As used in this request, "and" and "or" have both conjunctive and disjunctive meanings, so as to include documents and things that a stricter construction might exclude.

3. As used in this request, the singular tense includes the plural, and the plural tense includes the singular.

4. As used in this request, the present tense includes the past tense and the past tense includes the present tense.

5. If YOU withhold from production any of the requested documents or things on the grounds that it is privileged, please provide, within thirty (30) days of service of this Request, the following information as to each document and thing withheld:

    a. The name and title or capacity of its author or originator;

    b. The name and title of capacity of every person who received it;

    c. The relationship between the author or originator and each person who received the withheld document or thing;

    d. Whether the primary purpose of the withheld document or thing or any underlying communication was to seek or provide legal advice or services;

    e. The date of the withheld document(s) or thing(s);

    f. Each subject matter addressed to it;

    g. Whether the withheld document or thing was transmitted in confidence; and

    h. All privileges and/or other objections asserted as to the withheld document or thing.

6. If any of the requested documents or things were at one time in existence, but no longer are, please state with specificity for each document or thing:

    a. The type of document or thing;

    b. The type of information once contained therein;

    c. The date upon which it ceased to exist;

    d. The circumstances under which it ceased to exist;

    e. The identity of all persons having knowledge of the circumstances under which it ceased to exist;

    f. The identity of all persons having knowledge or who had knowledge of the contents thereof.

7. No request for a particular item or category should be construed as a limitation on any other part of this request.

8. If there are no documents or things responsive to a specific request, please so indicate in your written response to this Request.

## DOCUMENTS TO PRODUCE

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS regarding, concerning, referring, and/or relating to YOUR employment for MT YOHAI, 779 STRADELLA, 1550 BLUE JAY, and/or 2401 NOTTINGHAM.

C00017

**REQUEST FOR PRODUCTION NO. 2**:

All COMMUNICATIONS regarding, concerning, referring, and/or relating to YOUR employment for MT YOHAI, 779 STRADELLA, 1550 BLUE JAY, and/or 2401 NOTTINGHAM.

**REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS in YOUR possession concerning, referring, and/or relating to MT YOHAI.

**REQUEST FOR PRODUCTION NO. 4**:

All COMMUNICATIONS in YOUR possession concerning, referring, and/or relating to MT YOHAI.

**REQUEST FOR PRODUCTION NO. 5**:

All DOCUMENTS in YOUR possession concerning, referring, and/or relating to 779 STRADELLA.

**REQUEST FOR PRODUCTION NO. 6**:

All COMMUNICATIONS in YOUR possession concerning, referring, and/or relating to 779 STRADELLA.

**REQUEST FOR PRODUCTION NO. 7**:

All DOCUMENTS in YOUR possession concerning, referring, and/or relating to 1550 BLUE JAY.

**REQUEST FOR PRODUCTION NO. 8**:

All COMMUNICATIONS in YOUR possession concerning, referring, and/or relating to 1550 BLUE JAY.

**REQUEST FOR PRODUCTION NO. 9**:

All DOCUMENTS in YOUR possession concerning, referring, and/or relating to 2401 NOTTINGHAM.

**REQUEST FOR PRODUCTION NO. 10**:

All COMMUNICATIONS in YOUR possession concerning, referring, and/or relating to 2401 NOTTINGHAM.

C00018

**REQUEST FOR PRODUCTION NO. 11**:

All COMMUNICATIONS between YOU and any third-party concerning, referring, and/or relating to MT YOHAI.

**REQUEST FOR PRODUCTION NO. 12**:

. All COMMUNICATIONS between YOU and any third-party concerning, referring, and/or relating to 779 STRADELLA.

**REQUEST FOR PRODUCTION NO. 13**:

All COMMUNICATIONS between YOU and any third-party concerning, referring, and/or relating to 1550 BLUE JAY.

**REQUEST FOR PRODUCTION NO. 14**:

All COMMUNICATIONS between YOU and any third-party concerning, referring, and/or relating to 2401 NOTTINGHAM.

**REQUEST FOR PRODUCTION NO. 15**:

· All DOCUMENTS YOU received from any third-party concerning, referring, and/or relating to MT YOHAI.

**REQUEST FOR PRODUCTION NO. 16**:

All DOCUMENTS YOU received from any third-party concerning, referring, and/or relating to 779 STRADELLA.

**REQUEST FOR PRODUCTION NO. 17**:

All DOCUMENTS YOU received from any third-party concerning, referring, and/or relating to 1550 BLUE JAY.

**REQUEST FOR PRODUCTION NO. 18**:

· All DOCUMENTS YOU received from any third-party concerning, referring, and/or relating to 2401 NOTTINGHAM.

**REQUEST FOR PRODUCTION NO. 19:**

All BANKING DOCUMENTS in YOUR possession concerning, referring, and/or relating to MT YOHAI.

000019

**REQUEST FOR PRODUCTION NO. 20**:

      All BANKING DOCUMENTS in YOUR possession concerning, referring, and/or relating to 779 STRADELLA.

**REQUEST FOR PRODUCTION NO. 21**:

      All BANKING DOCUMENTS in YOUR possession concerning, referring, and/or relating to 1550 BLUE JAY.

**REQUEST FOR PRODUCTION NO. 22**:

      All BANKING DOCUMENTS in YOUR possession concerning, referring, and/or relating to 2401 NOTTINGHAM.

000020

# EXHIBIT "2"

# EXHIBIT "2"

## James A. Hinds

| | |
|---|---|
| **From:** | James A. Hinds |
| **Sent:** | Monday, September 11, 2017 3:12 PM |
| **To:** | 'Alan@fetzerandcompany.com' |
| **Subject:** | Marin West LLC |
| **Attachments:** | 20170911151220766.pdf |

**Importance:**    High

Letter dated today.

James Andrew Hinds, Jr., Managing Member
Hinds & Shankman, LLP
21257 Hawthorne Boulevard
2nd Floor
Torrance, CA 90503

Tel: (310) 316-0500
Fax: (310) 792-5977

E-mail: jhinds@jhindslaw.com

Web: www.jhindslaw.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission , and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (310) 316-0500, and destroy the original e-mail transmission and its attachments without reading it or saving it in any manner. Thank you.

C00021

**HINDS**
*&*
**SHANKMAN** LLP
ATTORNEYS · COUNSELORS

JAMES ANDREW HINDS, JR.
PAUL R. SHANKMAN
RACHEL M. SPOSATO*
*Also admitted in Massachusetts

21257 HAWTHORNE BLVD.
2ND FLOOR
TORRANCE, CA 90503
TEL: 310.316.0500
FAX: 310.792.5977

September 11, 2017

895.001

**VIA E-MAIL AND FIRST CLASS MAIL**

Mr. Alan Fetzer
Fetzer & Company
12121 Wilshire Blvd., Ste. 205
Los Angeles, CA 90024
Alan@fetzerandcompany.com

Re:    Marin West LLC

Dear Mr. Fetzer:

This letter is a follow-up to the demand letter sent to you on Friday, September 8, 2017, by our client, Marin West LLC. We are advised by Mr. Yohai that Marin West  LLP retained your office to collect together all of Marin West's banking and accounting record so that Marin West LLC could timely file its tax returns this month. We are also advised that you have now "gone dark" and failed to respond to calls and other communications from Marin West LLC and Mr. Yohai. Our client has authorized us to communicate with you and the contents of this letter have been expressly authorized by Marin West LLC.

Marin West LLC demands that all books and records of Marin West LLC in you possession or under your control be immediately turned over to Mr. Yohia. To the extent that summaries have been prepared for use in the production of the required tax returns due this month all of these summaries are to be delivered to Mr. Yohai.

I cannot express to you the damages which arise from your failure to respond to Marin West LLC and to deliver Marin West LLC's banking and accounting record and data so that Marin West LLC could timely file its returns this month. You have complicated Mr. Yohai's life in that he now has to try to redo the work you were contracted and paid to do. Not only has your conduct been unprofessional, but it places Marin West LLC in a position where it faces the potential of extraordinary penalties for late filed returns.

By a copy of this letter we are notifying the Los Angeles County Consumer Protection Bureau of your conduct. We are also filing a report with the Los Angeles County district attorneys' consumer fraud department.

C00022

**HINDS & SHANKMAN, LLP**

Mr. Alan Fetzer
Fetzer & Company
September 11, 2017
Page 2 of 2

If you have any questions about this letter please feel free to contact us.

Very truly yours,

HINDS & SHANKMAN, LLP

James Andrew Hinds, Jr., Managing Member

JAH:

cc: Jeffrey Yohai (via e-mail)
    Los Angeles County Consumer Protection Bureau
    Los Angeles County district attorneys' consumer fraud department

C00023

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

HINDS & SHANKMAN, LLP, 21257 Hawthorne Blvd., Second Floor, Torrance, CA 90503

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF ALAN FETZER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 8, 2017,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **December 8, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 8, 2017** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 8, 2017 | MAYRA DURAN | /s/ Mayra Duran |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Simon Aron    saron@wrslawyers.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
- Richard Girgado    rgirgado@counsel.lacounty.gov
- Chad V Haes    chaes@marshackhays.com, ecfmarshackhays@gmail.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com, ecfmarshackhays@gmail.com
- James Andrew Hinds    jhinds@jhindslaw.com, mduran@jhindslaw.com
- Scott A Kron    scott@kronandcard.com
- Marc Y Lazo    mlazo@whbllp.com
- Richard A Marshack    rmarshack@marshackhays.com,
  lbergini@marshackhays.com;ecfmarshackhays@gmail.com
- Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com
- Rachel M Sposato    rsposato@jhindslaw.com, mduran@jhindslaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

Mr. Alan Fetzer
Fetzer & Company
12121 Wilshire Blvd., Suite 205
Los Angeles, CA 90024

3. **SERVED BY PERSONAL DELIVERY**

Clerk to the Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.