**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgfllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone      714-966-1000
Facsimile      714-966-1002

Attorneys for Chapter 7 Trustee
Thomas H. Casey

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| In re | Case No. 8:16-bk-15157-CB |
|---|---|
| MT. YOHAI, LLC, a Delaware limited liability company, | Chapter 7 |
| Debtor. | **MOTION FOR ORDER (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); (2)APPROVING OVERBID PROCEDURES; (3) APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); AND (4) AUTHORIZING PAYMENT OF UNDISPUTED LIENS AND OTHER ORDINARY COSTS OF SALE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF THOMAS H. CASEY IN SUPPORT** |
| | [2521 Nottingham Avenue, Los Angeles, CA] |
| | **DATE:   December 11, 2018**<br>**TIME:   2:30 p.m.**<br>**CTRM:  5D** |

*Weiland Golden Goodrich LLP*
*650 Town Center Drive, Suite 600*
*Costa Mesa, California 92626*
*Tel 714-966-1000  Fax 714-966-1002*

1195981.1

1  **TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY**

2  **JUDGE:**

3         Thomas H. Casey, the chapter 7 trustee  (the "Trustee") of the bankruptcy estate (the

4  "Estate") of Mt. Yohai, LLC (the "Debtor"), submits this *Motion for Order (i) Authorizing Sale of*

5  *Real Property Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b)*

6  *and (f); (ii) Approving Overbid Procedures; (iii) Approving Buyer, Successful Bidder, and Back-*

7  *Up Bidder as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (iv) Authorizing*

8  *Payment of Undisputed Liens, and Other Ordinary Costs of Sale*. In support of the Motion, the

9  Trustee submits the following memorandum of points and authorities, and the declaration of

10  Thomas H. Casey (the "Casey Declaration") and respectfully represents as follows:

11  **I.    INTRODUCTION**

12         By this Motion, the Trustee is seeking authority to, inter alia, sell the property commonly

13  known as 2521 Nottingham Avenue, Los Angeles, California (the "Property") to RAFT Masterfund

14  II, LLC (the "Secured Creditor" or "Buyer").  The Trustee has attempted to market the Property

15  since his appointment.   However, despite his best efforts, the Trustee has been unable to locate a

16  buyer for an amount that exceeds the value of the liens against the Property, and therefore has

17  concluded that the value of the Property is materially less than the amount owed to the Secured

18  Creditor.  As is set forth in detail herein, the Property is subject to certain disputed liens. In light of

19  the fact that the Property may be over-encumbered and that certain of those liens are disputed, a

20  sale to the Secured Creditor is the only logical or possible path for the sale of the Property unless

21  the Trustee is able to generate overbids.

22         **A.    Marketing of the Property and Accepted Offer**

23         After extensive negotiations, the Trustee and the Secured Creditor reached an agreement for

24  the purchase of the Property.  A true and correct copy of the Purchase and Sale Agreement (the

25  "Sale Agreement") is attached to the Casey Declaration as **Exhibit "A".**  The Sale Agreement

26  achieves the highest and best possible offer for the Property as it addresses the Secured Creditor's

27  lien, and generates funds for junior creditors.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    In addition, as part of the Sale Agreement, the Trustee will market the Property in the hope

2    of generating overbids. The Sale Agreement specifies that to market the Property, the Trustee will

3    actively market the Property, consistent with industry standards.  In addition, the Trustee will

4    publish information regarding the proposed sale in two publications to be selected by the Trustee in

5    consultation with the Secured Creditor (the "Marketing Efforts").  The Secured Creditor will pay

6    for the reasonable costs and expenses incurred by the Trustee in connection with the Marketing

7    Efforts up to a maximum, aggregate amount of $2,500.00, provided, however, that in the event the

8    Property is sold to an overbidder, such expenses will be reimbursed to the Secured Creditor.

9    **B.    Benefit to the Estate**

10    The Trustee believes that the sale of the Property (the "Sale") will generate approximate net

11    proceeds to the Estate of $100,000.00.  In addition, the Sale will satisfy the Secured Creditor's lien

12    and eliminate all outstanding real property taxes owed to Los Angeles County.

13    **II.    STATEMENT OF FACTS**

14    **A.    General Background and Bankruptcy Case**

15    On December 22, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of

16    Title 11 of the United States Code (the "Bankruptcy Code.")  Upon a motion by the United States

17    Trustee, the Debtor's case was converted to one under chapter 7 by order entered on December 1,

18    2017.  Thomas H. Casey was appointed the chapter 7 trustee on December 4, 2017.

19    The Property consists of raw, un-improved, un-entitled land located at 2521 Nottingham

20    Avenue, Los Angeles, California 90027.  It is encumbered by (i) a first priority deed of trust held

21    by the Secured Creditor that secures a debt of approximately $1,116,439.38 as of the anticipated

22    hearing date for this Motion of December 11, 2018[1] (plus interest accruing at the rate of $238.18

23

24

25

26

27    [1] This amount is inclusive of legal fees incurred through October 31, 2018.  Legal fees continue to accrue on Secured Creditor's claim.

28                                                                                                          (Continued...)

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  per diem, and ongoing legal fees);[2] (ii) a second deed of trust originally held by Kathleen Manafort

2  in the amount of $748,216.00 (the "<u>Manafort Lien</u>");[3] and (iii) unpaid real property taxes owing to

3  Los Angeles County Tax Collector in the approximate amount of $69,000.00 (the "<u>Outstanding</u>

4  <u>Real Estate Taxes</u>").

5       By this Motion, the Trustee intends to sell the Property to the Secured Creditor, with the

6  Estate to receive funds sufficient to pay as much as possible of the allowed claims and the Estate's

7  administrative expenses.

8  **III.**   **THE PROPOSED SALE**

9       The Trustee and Secured Creditor have entered into an agreement regarding the sale of the

10  Property, the salient terms of which are summarized below:

11       A.   <u>Bankruptcy Court Approval</u>.  The Sale Agreement is subject to Bankruptcy Court

12  approval.

13       B.   <u>Purchase Price</u>.  The total purchase price for Property is One Hundred Thousand

14  Dollars and No Cents ($100,000.00) in readily available funds ("<u>Cash Amount</u>") plus (ii) a credit

15  bid by the Secured Creditor in the Secured Creditor's sole discretion, in accordance with 11 U.S.C.

16  § 363(k) (the "<u>Purchase Price</u>").  The cash portion of the payment shall be made by wire transfer

17  for the benefit of the Estate.

18       C.   <u>Taxes</u>.  Secured Creditor shall pay all Outstanding Real Estate Taxes as specifically

19  set forth in the Sale Agreement.

20       D.   <u>Allowed Claim</u>. Secured Creditor shall receive an allowed claim in an amount set

21  forth on a declaration submitted by the Secured Creditor.

22       E.   <u>Benefit to the Estate</u>: As was set forth in detail above, the Trustee believes the Net

23  Proceeds of the Sale to be approximately $100,000.00.

24

---

25  [2] The beneficial interest under Secured Creditors' Deed of Trust was assigned to RAFT Master

26  Fund II, LLC by various assignments, the last of which was recorded January 29, 2018 as
Instrument No. 18-90632 in the Official Records.

27  [3] The beneficial interest under the Manafort Lien in now held by Jeffrey Yohai (the principal of the

28  Debtor) by an assignment which was recorded February 5, 2018 as Instrument No. 18-116781 in
the Official Records.

1      F.      Overbid Conditions:  Any overbid must provide for the payment of (a) Outstanding

2  Real Estate Taxes due and (b) reimbursement of marketing costs.

3  **IV.      DISPUTED LIENS**

4          The Manafort Lien described above and unperfected mechanic's lien asserted by Bowery

5  Design and Development in the amount of $522,000.00 (the "Alleged Bowery Lien" and, together

6  with the Alleged Manafort Lien, the "Disputed Liens"), are disputed.  With respect to the Alleged

7  Bowery Lien, in particular, the Trustee believes that it is alleged to have arisen on account of a

8  recorded mechanics lien that was not perfected. Specifically, attached to its Proof of Claim,

9  Bowery provided a copy of a recorded "Claim of Mechanics Lien" with a recording date of August

10  26, 2016.  See Proof of Claim No. 4, a true and correct copy of which is attached hereto as **Exhibit**

11  **"B"**.  Therefore, in order to properly perfect the mechanics lien under Cal. Code Civ. Proc. §

12  8460(a), Bowery was required to commence an action to enforce the lien within 90 days of

13  recordation.  Failure to do so results in the claim of lien expiring and becoming unenforceable. At

14  no point did Bowery commence an action to enforce the mechanics lien. Therefore, as prescribed in

15  Cal. Code Civ. Proc. § 8460(a), the lien expired and became unenforceable 91 days after the

16  recordation of the lien. More than 91 days elapsed between the recordation of the mechanics lien on

17  August 26, 2016, and the filing of the Chapter 11 bankruptcy petition on December 21, 2016. Thus,

18  on the date of the filing of the petition, Bowery did not have a valid mechanics lien, and certainly

19  had no lien secured by the Property.

20          Therefore, Bowery's claim cannot form the basis for a secured claim against the Property.

21  The Trustee will shortly be filing a motion to challenge the status of Bowery's claim as secured.

22  Moreover, even if it did form the basis for a secured claim, as a disputed claim, the Property can be

23  sold free and clear of the lien under prevailing law, so long as the lien attaches to the net sale

24  proceeds with the same validity, order and priority as existed in the Property prior to this Sale.

25          The Manafort Lien, in turn, is disputed as a preferential transfer. The Manafort Lien was

26  recorded just days before the Petition Date on December 19, 2016.

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    Both of the Disputed Liens, to the extent they have not been avoided prior to the closing of

2 the Sale, will attach to the proceeds of sale in the same validity, order and priority as existed prior

3 to the Sale.

4 **V.    RESERVATION OF RIGHTS**

5    The Trustee reserves the right to object to all or any portion of each and every claim or

6 encumbrance that has or will be asserted against the Property.

7 **VI.    MEMORANDUM OF POINTS AND AUTHORITIES**

8    **A.    The Trustee May Sell Property of the Estate Pursuant to 11 U.S.C. § 363(b)**

9    11 U.S.C. § 363(b) empowers a trustee to "use, sell or lease . . . other than in the ordinary

10 course of business, property of the estate."  In considering a proposed transaction to use, sell, or

11 lease, courts look at whether the transaction is in the best interests of the estate based on the facts

12 and history of the case.  *In re America West Airlines,* 166 B.R. 908, 912 (Bankr. D. Ariz. 1994)

13 (*citing In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983)).  This requires examination of the

14 "business justification" for the proposed sale.  *In re 240 North Brand Partners, Ltd.,* 200 B.R. 653

15 (B.A.P. 9th Cir. 1996); *In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830 (Bankr. C.D. Cal. 1991);

16 *In re Ernst Home Center, Inc.,* 209 B.R. 974 (Bankr. W.D. Wash. 1997).

17    In approving any sale outside the ordinary course of business, there must be a sufficient

18 business reason for the sale and it must be in the best interest of the estate.  Here, the proposed

19 transaction has a legitimate business justification and is in the best interest of the Estate.  The Sale

20 will address the Secured Creditor's lien as well as generate funds for the benefit of the Estate and

21 its unsecured creditors.

22    **B.    The Trustee May Sell the Property Free and Clear of Liens, Claims and**

23        **Interests**

24    The Trustee seeks authority to sell the Property free and clear of all liens and encumbrances

25 pursuant to 11 U.S.C. § 363(f) which provides:

26        The Trustee may sell property under subsection (b) or (c) of this
       section free and clear of any interest in such property of an entity
27        other than the estate, only if -

28

(1)      applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2)      such entity consents;

(3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)      such interest is in bona fide dispute; or

(5)      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Because subsections (1) through (5) of Bankruptcy Code § 363(f) are written in the disjunctive, authority to sell the Property free and clear of any and all interests therein should be granted if any of the conditions are met with respect to each interest holder.  In this case, all liens, obligations, or liabilities relating to the Property are either disputed or will be paid by the Secured Creditor.

**C.      The Buyer Should Be Deemed a "Good Faith Purchaser" Pursuant to 11 U.S.C. § 363(m)**

11 U.S.C. § 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

A good faith buyer "is one who buys 'in good faith' and 'for value.'"  *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992) (*citing In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986)).  "[L]ack of good faith is [typically] shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'"  *Id. (quoting Community Thrift & Loan v. Suchy (In re Suchy),* 786 F.2d 900, 902 (9th Cir. 1985)).  In the instant case, the Secured Creditor will credit bid in an amount to be determined, in its sole discretion, plus provide the Cash Amount.  The anticipated sale of the Property has been negotiated with the Secured Creditor in "arm's-length" discussions.  *See* Casey Declaration.  Moreover, the sale will be conducted in a commercially reasonable manner

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1195981.1

following appropriate notice.  Based on such facts and circumstances, the Trustee believes that this Court can properly determine the Buyer as a "good faith purchaser" pursuant to 11 U.S.C. § 363(m).

### D.    Adequate Notice of the Sale is Proposed

The Trustee proposes to provide notice of the sale to be posted by the Clerk's Office and to serve notice of the sale on the Office of the United States Trustee, all creditors, and all other parties receiving ECF and special notice in this case.  Further, the Property is subject to overbid, and the ability of other potentially interested parties to provide competing offers for the Property ensures that the proposed sale will not result in a lucrative "windfall" to the Buyer at the expense of creditors of the Estate.  *See In re Onouli Kona Land Co.,* 846 F.2d 1170 (9th Cir. 1988).

## VII.    PROPOSED OVERBID PROCEDURES

### A.    Overbid Procedures

The Trustee proposes the following procedure to allow for overbids prior to the Court's approval of the sale of the Property to ensure that the Property is sold for the best possible price:

    1.    Qualifying bidders ("Qualifying Bidder") shall:

        a.    Bid at least an amount sufficient to satisfy the Secured Creditor's lien or an amount to which the Secured Creditor consents, plus payment of Outstanding Real Estate Taxes due, plus $112,500.00 in cash (i.e. this includes $10,000.00 overbid amount and $2,500.00 reimbursement of the Trustee's marketing expenses advanced by the Secured Creditor);

        b.    Set forth in writing the terms and conditions of the offer that are at least as favorable to the Trustee as those set forth in the Sale Agreement attached as Exhibit "A";

        c.    Be financially qualified, in the Trustee's exercise of his sound business judgment, to close the sale as set forth in the Sale Agreement;

        d.    Submit an offer that does not contain any contingencies to closing the sale, including, but not limited to, financing, inspection, or repair contingencies;

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

e.    Submit a cash deposit for the Property in the amount of $25,000.00 (the "Initial Overbid Deposit") payable to Thomas H. Casey, Chapter 7 Trustee for the Bankruptcy Estate of Mt. Yohai, LLC in the form of a cashier's check, which Initial Overbid Deposit shall be non-refundable if the bid is deemed to be the Successful Bid, as defined in paragraph 4 below.  The Initial Overbid Deposit, written offer, and evidence of financial qualification must be delivered to the Trustee's counsel (at the address shown in the upper left-hand corner of the first page of this Motion) at or before the hearing currently set for December 11, 2018, at 2:30 p.m.

2.    At the hearing on the Motion, only the Buyer and any party who is deemed a Qualifying Bidder shall be entitled to bid.

3.    Any incremental bid in the bidding process shall be at least $10,000.00 higher than the prior bid.

4.    At the hearing on the Motion and upon conclusion of the bidding process, the Trustee shall decide, subject to Court approval, which of the bids is the best bid, and such bid shall be deemed to be the "Successful Bid."  The bidder who is accepted by the Trustee as the successful bidder (the "Successful Bidder") must (a) within 48 hours of conclusion of the bidding process, pay a supplemental deposit (the "Supplemental Deposit") to the Trustee so that the sum of the Successful Bidder's (x) Initial Deposit and (y) Supplemental Deposit shall be equal to 2% of the amount of the Successful Bid; and (b) pay all amounts reflected in the Successful Bid in cash at the closing of the sale.  At the hearing on the Motion, and upon conclusion of the bidding process, the Trustee may also acknowledge a back-up bidder (the "Back-Up Bidder") which shall be the bidder with the next best bid.  Should the Successful Bidder fail to close escrow on the sale of the Property, the Trustee may sell the Property to the Back-Up Bidder without further Court order.

5.    Overbids shall be all cash and no credit shall be given to the purchaser or overbidder(s).

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**B.**     <u>**The Bankruptcy Court Has the Authority to Implement the Proposed Overbid**</u>
<u>**Procedures**</u>

Implementation of the bidding procedures is an action outside of the ordinary course of business. 11 U.S.C. § 363(b)(1) provides that a trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Furthermore, under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the implementation of overbidding procedures.

The bankruptcy court may issue orders determining the terms and conditions for overbids with respect to a sale of estate assets, including specifying the minimum consideration required for an overbid, the particular contractual terms required to be offered by overbidders, and requiring and setting the amount of potential overbidder's deposits. *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982). The overbid procedures proposed in this Motion will ensure that the Property will generate the greatest possible value to the Estate. They also place appropriate checks upon overbidders to ensure that only Qualified Bids are considered.

**VIII.**    <u>**CONCLUSION**</u>

In light of the foregoing, the Trustee respectfully requests that this Court enter an order: Based on the foregoing, the Trustee respectfully requests that this Court enter an order:

     1.     Granting the Motion;

     2.     Approving the terms of the Sale Agreement attached as Exhibit "A" and authorizing the Trustee to sell the Property to the Buyer, Successful Bidder, or the Back-Up Bidder, "as is," "where is," "with all faults," and without warranty or recourse, but free and clear of any and all liens, claims, and interests, except as set forth herein, together with all improvements, as well as all easements and appurtenances, pursuant to 11 U.S.C. §§ 363(b) and (f);

     3.     Determining that the Buyer, the Successful Bidder, and the Back-Up Bidder are "good faith purchasers" pursuant to 11 U.S.C. § 363(m);

1195981.1

4.    Attaching to the net sales proceeds any unpaid portion of the liens and judgments in the same value, priority and scope as such liens currently exist against the Property, subject to any and all of the Trustee's rights to object to, dispute, or subordinate such lien;

5.    Reserving to the Trustee all rights to object to the validity, scope and priority of all disputed liens, claims and interests;

6.    Approving the overbid procedures outlined in the Motion;

7.    Authorizing the Trustee to take any and all necessary actions to consummate the sale of the Property;

8.    Authorizing the Trustee to pay, through escrow, from the proceeds of the sale of the Property and without further order of the Court any escrow fees, title insurance premiums and other ordinary and typical closing costs and expenses payable by the Trustee pursuant to the Sale Agreement or in accordance with local custom;

9.    Waiving any requirements for lodging periods of the order approving this Motion imposed by Local Bankruptcy Rule 9021-1 and any other applicable bankruptcy rules;

10.    Waiving the stay of the order approving this Motion imposed by Federal Rule of Bankruptcy Procedure 6004(h) and any other applicable bankruptcy rules; and

11.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  November 16, 2018                    WEILAND GOLDEN GOODRICH LLP


By:  */s/ Faye C. Rasch*
FAYE C. RASCH
Attorneys for Thomas H. Casey,
Chapter 7 Trustee

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1195981.1

## DECLARATION OF THOMAS H. CASEY

I, Thomas H. Casey, declare:

1.      I am the chapter 7 trustee of the bankruptcy estate of Mt. Yohai, LLC.  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion for Order Authorizing Sale of Real Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363(b) and (f); (ii) Approving Overbid Procedures; (iii) Approving Buyer, Successful Bidder, and Back-Up Bidder as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (iv) Authorizing Payment of Undisputed Liens, and Other Ordinary Costs of Sale.* All terms defined in the Motion are incorporated herein by this reference.

2.      I have attempted to market the Property.               However, despite my best efforts, I have been unable to locate a buyer for an amount that exceeds the value of the liens against the Property, and therefore I have concluded that the value of the Property is materially less than the amount owed to the Secured Creditor.  As is set forth in detail in the Motion, the Property is subject to certain disputed liens. In light of the fact that the Property may be over-encumbered and that certain of those liens are disputed, I believe that a sale to the Secured Creditor is the only logical or possible path for the sale of the Property unless I am able to generate overbids.

3.      I believe the proposed transaction has a legitimate business justification and is in the best interest of the Estate.  The Sale addresses the Secured Creditor's lien and generates additional funds for the benefit of the Estate.

4.      The sale contemplated in this Motion was entered into in good faith and was negotiated at arm's length.  The Purchase and Sale Agreement is attached hereto as **Exhibit "A."**

5.      Bowery provided a copy of a recorded "Claim of Mechanics Lien" with a recording date of August 26, 2016. <u>See</u> Proof of Claim No. 4, a true and correct copy of which is attached hereto as **Exhibit "B".**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1195981.1

12

6.      In addition, as part of the Sale Agreement, I will market the Property in the hope of generating overbids. The Sale Agreement specifies that to market the Property, I will actively market the Property, consistent with industry standards.

7.      In addition, I have published information regarding the proposed sale in both the L.A. Daily News   and the Beverly Hills Courier, in consultation with the Secured Creditor ("Marketing Efforts").  The Secured Creditor will advance the reasonable costs and expenses incurred by me in connection with the Marketing Efforts up to a maximum, aggregate amount of $2,500.00 subject to reimbursement to the Secured Creditor in the event of a successful overbid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16 day of November, 2018, at Rancho Santa Margarita, California.

THOMAS H. CASEY

Welland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT (the "Agreement") dated as of November __, 2018, is entered into by and between Thomas H. Casey, solely in his capacity as the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of Mt Yohai, LLC (the "Debtor"), on the one hand, and RAFT Masterfund II, LLC (the "Secured Creditor" and along with the Trustee collectively, the "Parties"), on the other hand, with respect to the following recitals and objectives (the "Recitals"):

## RECITALS

A.    On December 22, 2016 (the "Petition Date"), the Debtor filed its petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The case is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court"), bearing *Case No. 8:16-bk-15157-CB* ("Bankruptcy Case").

B.    The Bankruptcy Case was subsequently converted to one under Chapter 7 of the United States Bankruptcy Code. Thereafter, Thomas H. Casey was duly appointed chapter 7 trustee.

C.    As of the Petition Date, the Estate held and the Trustee now holds fee title to the real property commonly known as 2521 Nottingham Avenue, Los Angeles, California 90027 ("Property"). The Property consists of a single unimproved, unentitled, hillside parcel.

D.    The Secured Creditor holds a first priority Deed of Trust (which was recorded on May 29, 2015, as Instrument No. 20150627930 in the Official Records of Los Angeles County, California (the "Official Records") (the "Deed of Trust") pursuant to which its $715,000.00 loan to the Debtor (the "Loan") is secured by the Property.[1] The outstanding amount of the Loan which is secured by the Deed of Trust is no less than $1,116,439.38 as of December 11, 2018[2] (plus interest accruing at the rate of $238.18 per diem), plus accruing attorneys' fees and costs (collectively, as of any particular time, the "Outstanding Loan Amount").

E.    A second deed of trust, originally held by Kathleen Manafort in the amount of $748,216.00, was recorded in the Official Records as Instrument No. 20150627930 on December 19, 2016 (the "Manafort Trust Deed").[3] The Manafort Trust Deed is disputed as a preferential transfer as it was recorded three days prior to the Petition Date.

---

[1] The beneficial interest under the Deed of Trust was assigned to RAFT Master Fund II, LLC by various assignments, the last of which was recorded January 29, 2018 as Instrument No. 18-90632 in the Official Records.

[2] This amount is inclusive of legal fees incurred through October 31, 2018. Legal fees continue to accrue on Secured Creditor's claim.

[3] The beneficial interest under the Manfort Trust Deed is now held by Jeffrey Yohai (the prinicipal of the Debtor) by an assigment which was recorded February 5, 2018 as Instrument No. 18-116781 in the Official Records.

DOCS_LA:317395.3 30599/001

F.      The current outstanding real estate taxes for the Property is approximately $69,000.00 ("Outstanding Real Estate Taxes").

G.      The Trustee has attempted to market the Property since his appointment. However, despite the best efforts of the Trustee, he has been unable to locate a buyer for an amount that exceeds the value of the liens against the Property and therefore has concluded that the value of the Property is materially less than the amount owed to Secured Creditor. Accordingly, the Trustee desires to sell to Secured Creditor and Secured Creditor desires to purchase from the Trustee the fee title and all other rights of the Trustee, if any, in and to the Property on the terms and subject to the conditions set forth below, including, but not limited to, conveyance to the Secured Creditor "free and clear" of the Manafort Trust Deed and the Outstanding Real Estate Taxes.

H.      In an effort to maximize the return to the creditors of the Estate, the Trustee has reached an agreement with the Secured Creditor to sell the Property to Secured Creditor as soon as is reasonably practicable.

## AGREEMENT

Pursuant to the Recitals, and in consideration of the covenants, obligations, agreements, warranties, and representations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the terms and conditions of this Agreement, the Trustee and Secured Creditor, intending, subject to Court approval hereof, to be legally bound by this Agreement, hereby covenant, agree, warrant, represent, and declare as follows:

### ARTICLE 1

### APPROVAL OF AGREEMENT BY COURT

1.1     **Bankruptcy Court Approval.** The Agreement is subject to Court approval and is not binding upon or enforceable against the Parties until an order approving this Agreement is entered by the Court. A motion to approve this Agreement, the form of which shall be subject to the approval of Secured Creditor, not to be unreasonably withheld, shall be prepared and filed in accordance with paragraph 1.3 below (the "Sale Motion"). The effective date of the Agreement (the "Effective Date") is defined as the date on which the order (in form and content satisfactory to Secured Creditor) approving the Sale Motion (the "Sale Order") becomes a final order. For purposes of this Agreement, an order shall be deemed to be a final order fifteen (15) days after its entry unless an appeal is timely-filed and a stay pending appeal is obtained, in which case the order will become final after the stay pending appeal is lifted or removed. No Effective Date will occur under this Agreement if the Court denies approval of the Sale Motion on the terms required in the Agreement. The Trustee shall use diligent and commercially reasonable efforts to cause the Effective Date to occur in accordance with the terms and provisions of this Agreement.

1.2     **Real Property to be Sold.** The Trustee, on behalf of the Estate, will sell the fee title and all of the Estate's other right, title, and interest in and to the Property to the Secured Creditor. The sale shall be as-is, where-is and without any representations or warranties of any kind regarding the Estate's interest in the Property, other than the Trustee's representation and warranty hereby made that the Trustee holds and owns fee simple, marketable title to the Property. Secured Creditor's obligation to consummate the transaction contemplated herein shall be conditioned upon issuance to Secured Creditor at the Closing (as defined below) of an

owner's policy of title insurance (in form and content satisfactory to Secured Creditor) issued by a title company selected by Secured Creditor, which policy shall, among other things, insure Secured Creditor's fee title to the Property free and clear of all liens, claims and encumbrances other than those, if any, approved in writing by Secured Creditor. The cost of obtaining the title insurance policy shall be borne by Secured Creditor.

**1.3    363 Sale:** Within two (2) days of the mutual execution of this Agreement, the Trustee shall file the Sale Motion to sell the Property free and clear of the Manafort Trust Deed, with the lien created by the Manafort Trust Deed to attach to the proceeds of the sale of the Property in accordance with 11 U.S.C. §363(f) (the "Sale"). The Sale shall be subject to overbid and shall be conducted in accordance with the terms, conditions and process specifically set forth in the Sale Motion and in Paragraph 2.1 below. The hearing to consider the Sale Motion shall take place on the first available date on the Court's calendar that is reasonably acceptable to the Parties. Should the Trustee fail to file the Sale Motion on a timely basis as set forth herein, the Trustee will stipulate to relief from the automatic stay with respect to the Property and permit Secured Creditor to pursue its state law remedies with respect to the Property.

**1.4.    Court Approval and Overbids.** Secured Creditor shall in good faith exercise all reasonable efforts to cooperate with the Trustee to obtain the Sale Order. Secured Creditor understands that this Sale will be subject to potential overbids in the Court (each, an "Overbid") in accordance with the Sale Motion and following: in the event an Overbid is received by the Trustee, Secured Creditor shall have the right, but not the obligation, to submit an Overbid in accordance with Paragraph 2.1 below . The Trustee shall determine the highest and best bid in his reasonable discretion (the "Winning Bid" and "Winning Bidder").

**1.5    Title Transfer.** If the Secured Creditor is determined to have the Winning Bid, and the Secured Creditor complies with its obligations under the Agreement, the fee title and all other right, title, and interest in and to the Property shall transfer to the Secured Creditor pursuant to a deed (in recordable form and otherwise in form and content satisfactory to Secured Creditor and its title insurer) (the "Deed") recorded in the Official Records on the Effective Date, such transfer to be free and clear of any and all liens, claims, deeds of trust, interests and encumbrances. Trustee shall transfer and deliver to Secured Creditor on the Closing Date such keys and other similar items as Secured Creditor may reasonably require to obtain occupancy and control of the Property on the Closing Date (as defined below).

**1.6    Agreement Contingent Upon Court Approval and Absence of Lawsuits.** The Parties' respective obligations to consummate the transaction contemplated by this the Agreement are contingent upon (i) the issuance of the Sale Order by the Bankruptcy Court and such Sale Order becoming a Final Order. If the Sale Motion is not approved by the Court pursuant to Paragraph 1.1, then the Agreement shall automatically terminate and be of no further force or effect, except to the extent that such lack of Court approval is the result of a Party's breach or default of its obligations, in which event the non-breaching Party shall be entitled to pursue all such rights and remedies as it may be entitled to under applicable law; and (ii) there being no action, suit or other proceedings pending before any court, tribunal or governmental authority seeking or threatening to restrain or prohibit the consummation of the transactions contemplated by this Agreement, or seeking to obtain substantial damages in respect thereof, or involving a claim that consummation thereof would result in the violation of any law, decree or regulation of any governmental authority having appropriate jurisdiction.

## ARTICLE 2

## TERMS OF PURCHASE

**2.1    Purchase Price:** At the Closing, and in return for conveyance of the Property in accordance with the terms and conditions hereof, the Secured Creditor shall remit the Purchase Price to the Trustee. The "Purchase Price" shall mean (i) One Hundred Thousand Dollars and No Cents ($100,000.00) in readily available funds plus (ii) a credit bid by the Secured Creditor, in the Secured Creditor's sole discretion, in an amount equal to the Outstanding Loan Amount in accordance with 11 U.S.C. 363§(k). In addition, at the Closing, the Winning Bidder shall pay the Outstanding Real Estate Taxes in accordance with Paragraph 2.2 below and reimburse the marketing expenses in accordance with Paragraph 2.4 below.

**2.2    Real Estate Tax.** The Winning Bidder shall pay at Closing all accrued and Outstanding Real Estate Taxes that are due and owing as of the Closing Date, and agrees and understands that such obligation shall be that of the Winning Bidder.

**2.3    Allowed Claim.** The Secured Creditor shall be granted an allowed claim, to be satisfied in full upon Closing.

**2.4    Marketing Efforts.** The Trustee shall continue to actively market the Property, consistent with industry standards. The Trustee shall publish information regarding the proposed sale in two publications to be selected by the Trustee in consultation with the Secured Creditor ("Marketing Efforts"). The Secured Creditor shall pay for the reasonable costs and expenses incurred by the Trustee in connection with the Marketing Efforts up to a maximum, aggregate amount of $2,500.00; provided, however, that any amounts paid by the Secured Creditor shall be reimbursed to the Secured Creditor upon the closing of a sale of the Property to a Winning Bidder other than Secured Creditor.

**2.5    Closing Date & Conditions**

The closing shall take place at the offices of Pachulski Stang Ziehl Jones 10100 Santa Monica Blvd. 13th Floor, Los Angeles, CA 90067-4003 ("Closing" or "Closing Date") or at such other place or in such other manner as the Parties may mutually agree in writing, no later than two (2) days after the Sale Order becomes final.   Secured Creditor's obligation to consummate the transaction contemplated by this Agreement shall be conditioned upon the occurrence of the Closing by no later than January 31, 2019 (the "Outside Date"), it being agreed that Secured Creditor shall have the right to terminate this Agreement upon written notice to Trustee in the event that the Closing does not occur by the Outside Date, but the Secured Creditor shall not have the right to so terminate if the failure of the Closing to occur by the Outside Date is the result of Secured Party's breach or default hereunder.  Upon such a termination of this Agreement, this Agreement shall become null, void and of no further force or effect.

## ARTICLE 3

## DISPUTES AND REMEDIES

**3.1    Limitation of Remedies and Damages.** In the event there is any dispute under this Agreement, the aggrieved Party shall not be entitled to exemplary or punitive damages so

that the aggrieved Party's remedy in connection with any action arising under or in any way related to this Agreement shall be limited to a breach of contract action and any damages in connection therewith are limited to actual damages.

## ARTICLE 4

## REPRESENTATIONS AND WARRANTIES

**4.1    Reliance on Independent Investigation.** Except as otherwise provided in this Paragraph, the Parties acknowledge that they have entered into this Agreement in reliance on their own independent investigations and analysis of the facts underlying the subject matter of this Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce them to execute this Agreement other than those that are expressly set forth herein.

**4.2    Advice of Counsel.** The Parties acknowledge and represent that they have the advice of attorneys of their own choosing in connection with the evaluation and execution of this Agreement or that after being advised to consult with an attorney of their own choosing, they have voluntarily opted not to do so.

**4.3    No Prior Assignments.** Each Party represents that it has not pledged, transferred, or assigned to any third party any right, interest, claim, or cause of action being transferred, conveyed, released, or compromised pursuant to this Agreement, and will indemnify all other Parties from and against any third party claim asserting such a pledge, transfer, or assignment of any such right, interest, claim, or cause of action.

**4.4    Execution of Documents and Capacity to Enter Into the Agreement.** Each Party does hereby state, certify, warrant, and represent to the other that such party has the right, power, capacity, and authority to enter into this Agreement, and, subject to the entry of the Sale Order, to fully perform its obligations under this Agreement, and hereby agrees to execute all instruments reasonably necessary to consummate the transaction contemplated by this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which such Party is bound.

## ARTICLE 5

## GENERAL TERMS AND PROVISIONS

**5.1    Entire Agreement.** This Agreement will constitute the entire agreement between the Parties and supersede all prior or contemporary understandings or agreements. No supplement, modification, waiver or termination shall be binding or enforceable unless executed in writing by the parties to be bound thereby.

**5.2    Amendment of Agreement.** No modification of, deletion from, or addition to this Agreement shall be effective unless made in writing and executed by the Parties hereto.

**5.3    Construction of Agreement.** The provisions of this Agreement shall be liberally construed to effectuate the intended settlement of the disputes and the release of all related claims. Section headings have been inserted for convenience only and shall not be given undue consideration in resolving questions of construction or interpretation. For purposes of

determining the meaning of, or resolving any ambiguity with respect to, any word, phrase, term, or provision of this Agreement, each Party shall be deemed to have had equal bargaining strength in the negotiation of this Agreement and equal control over the preparation of this document, such that neither the Agreement nor any uncertainty or ambiguity herein shall be arbitrarily construed or resolved against any Party under any rule of construction.

     **5.4**    **Further Assurances.** Each Party shall promptly execute (in recordable form, if applicable) any and all instruments and documents and take all other actions that may be required or reasonably requested by the other (including, without limitation, in the Trustee's case, executing and delivering any customary documents requested or required by Secured Creditor's title insurer) to effectuate the contemplated settlement and release. Without limiting the foregoing, the Trustee shall obtain and provide to Secured Creditor a certified copy of the entered Sale Order for recording in the Official Records concurrently with the Deed.

     **5.5**    **Attorneys' Fees.** If any action or proceeding arising out of, or in connection with, or relating to this Agreement is instituted, the prevailing party shall be awarded its reasonable attorneys' fees and other reasonable costs.

     **5.6**    **Governing Law/ Jurisdiction.** This Agreement shall be interpreted and governed by the laws of the State of California. In the event that a dispute arises regarding this Agreement, the Court shall have exclusive jurisdiction to interpret and enforce this Agreement.

     **5.7**    **Counterparts.** This Agreement may be executed in one or more counterparts. When counterparts have been executed by all the Parties hereto, this Agreement shall become effective, and the counterparts shall together constitute one document.

     **5.8**    **Severability.** In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement shall nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties or otherwise materially adversely affect the benefit of this Agreement to a Party.

     **5.9**    **Waiver.** The failure by any Party to enforce any term or provision of this Agreement shall not constitute a waiver of the right to enforce the same term or provision, or any other term or provision, thereafter. No waiver by any Party of any term or provision of this Agreement shall be deemed or shall constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any such waiver constitute a continuing waiver unless otherwise expressly provided in writing.

     **5.10**    **Inurement.** This Agreement shall inure to the benefit of and be fully binding upon each of the Parties and upon their respective heirs, executors, successors, assigns, and grantees.

     **5.11**    **Notice.** Whenever any party hereto is required or shall desire to give or serve upon the other any notice, demand, request or other communication, each such notice, demand, request or other communication shall be in writing and shall be given or served personally, or by overnight carrier or same-day messenger service, or by telecopy transmission followed immediately by mail, all to be addressed to the addresses set forth below.

If to Trustee:

Jeffrey I. Golden
Faye C. Rasch
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

If to the Secured Creditor:

RAFT Masterfund II, LLC
c/o Jeffrey W. Dulberg
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4114
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Service of any such notice, demand or request so made shall be deemed complete on the date of actual delivery. Any party hereto may from time to time, by notice in writing served upon the other party as aforesaid, designate a different mailing address or a different person or additional persons to which all such notices, demand or requests are thereafter to be addressed.

5.12. **Time of Essence**. Time is of the essence in this Agreement and in all of the terms, provisions and conditions thereof.

5.13. **No Brokerage Obligations**. Trustee and Secured Party each represent and warrant to the other that, such Party has incurred no liability to any real estate broker or other broker or agent with respect to the payment of any commission regarding the consummation of the transaction contemplated hereby. It is agreed that if any claims for commissions, fees or other compensation, including, without limitation, brokerage fees, finder's fees, or commissions are ever asserted against Secured Party or the Trustee or the Estate in connection with this transaction, all such claims shall be handled and paid by the Party whose actions form the basis of such claim and such Party shall indemnify, defend (with counsel reasonably satisfactory to the Party entitled to indemnification), protect and save and hold the other harmless from and against any and all such claims or demands asserted by any person, firm or corporation in connection with the transaction contemplated hereby.

IN WITNESS WHEREOF, the Parties have executed this Agreement for reference purposes as of the date first set forth above.

EXHIBIT A  PAGE  20

Dated: November __, 2018

_____

Thomas H. Casey, Chapter 7 Trustee

Dated:  November 8, 2018

RAFT Masterfund II, LLC

Fill in this information to identify the case:

Debtor 1    MT YOHAI, LLC, a Delaware limited liability company

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Central District of California

Case number    8:16-bk-15157 CB

---

Official Form 410

# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **Bowery Investment Group, Inc. dba Bowery Design & Development** <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes.  From whom? _____ |

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Scott A. Kron, Esq., Kron & Card LLP <br> Name | Scott A. Kron, Esq., Kron & Card LLP <br> Name |
| 29222 Ranch Viejo Rd., Suite 114 <br> Number    Street | 29222 Ranch Viejo Rd., Suite 114 <br> Number    Street |
| San Juan Capistrano   CA        92675 <br> City          State          ZIP Code | San Juan Capistrano   CA        92675 <br> City          State          ZIP Code |
| Contact phone (949) 367-0520 | Contact phone (949) 367-0520 |
| Contact email scott@kronandcard.com | Contact email scott@kronandcard.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No <br> ☐ Yes.  Claim number on court claims registry (if known) _____    Filed on  __MM__ / __DD__ / __YYYY__ |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

---

Official Form 410                    Proof of Claim                    page 1

EXHIBIT B  PAGE  22

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim? $ _____ 522,000.00 . Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Design and Architectural Service

9. Is all or part of the claim secured?
☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection:  Claim of Mechanics Lien
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $   1,793,202.10
Amount of the claim that is secured: $   522,000.00
Amount of the claim that is unsecured: $   0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $   522,000.00

Annual Interest Rate (when case was filed) 10.00 %
☑ Fixed
☐ Variable

10. Is this claim based on a lease?
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____

11. Is this claim subject to a right of setoff?
☑ No
☐ Yes. Identify the property: _____

EXHIBIT B  PAGE  23

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check all that apply:* | | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____0.00 |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____0.00 |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____0.00 |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____0.00 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____0.00 |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

**Part 3:   Sign Below**

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
|---|---|
| | ☐ I am the creditor. |
| | ☑ I am the creditor's attorney or authorized agent. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date  06/21/2017 |
| | MM / DD / YYYY |
| | |
| | *Signature* |
| | Print the name of the person who is completing and signing this claim: |

| Name | Scott | A. | Kron |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney for Creditor | | |
| Company | Kron & Card LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 29222 Rancho Viejo Rd., Suite 114 | | |
| | Number      Street | | |
| | San Juan Capistrano | CA | 92675 |
| | City | State | ZIP Code |
| Contact phone | (949) 367-0520 | Email | scott@kronandcard.com |

**This page is part of your document - DO NOT DISCARD**

## 20161021013

 

Pages:
0004

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**08/26/16 AT 10:58AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201608263270015

00012549830



007764094

**SEQ:**
**01**

**DAR - Counter (Upfront Scan)**

**THIS FORM IS NOT TO BE DUPLICATED**

Recording Requested By:

Bowery Investment Group, Inc.
dba Bowery Design & Development

09/28/2016

*20161021013*

When Recorded Mail To Claimant at:

Name    Kron & Card LLP

Street
Address    29222 Rancho Viejo Road, Suite 114

City &
State, Zip    San Juan Capistrano, CA 92675

SPACE ABOVE THIS LINE FOR RECORDERS USE

## CLAIM OF MECHANICS LIEN
### (CA Civil Code 8400 et seq)

THE UNDERSIGNED CLAIMANT,   BOWERY INVESTMENT GROUP, INC. dba BOWERY DESIGN & DEVELOPMENT  , CLAIMS A
LIEN FOR LABOR, SERVICES, EQUIPMENT, AND/OR MATERIALS UNDER CALIFORNIA CIVIL CODE SECTION 8416 ET SEQ., UPON THE
PREMISES HEREINAFTER DESCRIBED, AND UPON EVERY ESTATE OR INTEREST IN SUCH STRUCTURES, IMPROVEMENTS AND
PREMISES HELD BY ANY PARTY HOLDING ANY ESTATE THEREIN.

THE LABOR, SERVICES, EQUIPMENT, AND/OR MATERIALS, WERE FURNISHED FOR THE CONSTRUCTION OF THOSE CERTAIN BUILD-
INGS, IMPROVEMENTS, OR STRUCTURES, NOW UPON THAT CERTAIN PARCEL OF LAND SITUATED IN THE COUNTY OF
 LOS ANGELES                          STATE OF CALIFORNIA, SAID LAND DESCRIBED AS FOLLOWS:

Address:  2521 Nottingham Ave., Los Angeles, CA 90027

and/or Sufficient Description:  APN: 5588-002-044.    TR=PARCEL MAP AS PER BK 27 P 14 OF PM LOT A

THE MECHANICS LIEN IS CLAIMED FOR THE FOLLOWING GENERALLY DESCRIBED WORK, LABOR, SERVICES, EQUIPMENT OR
MATERIALS:

Description:  Design and Architectural Services,  CONSTRUCTION

THE SUM OF $ 522,000.00              , TOGETHER WITH INTEREST THEREON AT THE RATE OF  10.   PERCENT PER ANNUM
FROM  8/1/2016                       (date when balance became due), IS DUE CLAIMANT, AFTER DEDUCTING ALL JUST CREDITS AND
OFFSETS, FOR THE LABOR, SERVICES, EQUIPMENT, AND/OR MATERIALS FURNISHED BY CLAIMANT.

CLAIMANT FURNISHED THE LABOR, SERVICES, EQUIPMENT, AND/OR MATERIALS, AT THE REQUEST OF, OR UNDER CONTRACT WITH:

Name:  MT YOHAI, LLC

Address:  6446 Rodgerton Dr., Los Angeles, CA 90068-1918

THE OWNER(S) OR REPUTED OWNER(S) OF SAID PREMISES IS/ARE:

Name:  MT YOHAI, LLC

Address:  6446 Rodgerton Dr., Los Angeles, CA 90068-1918

DATE:  August 25, 2016              NAME OF CLAIMANT: Bowery Investment Group dba Bowery Design & Development
                                                      (Claimant Name)

                                        BY:
                                              Scott A. Kron, Authorized Agent

## VERIFICATION

I,               Scott A. Kron               , state: I am the    Authorized Agent of       ("Owner of", "President of",
Authorized Agent of", "Partner of", etc.) the claimant named in the foregoing Mechanics Lien. I have read said Mechanics Lien and know the
contents thereof; the same is true of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on          August 25          2016    (date), at       San Juan Capistrano        (city), California.

                                              (Signature of Claimant or Authorized Agent)

Page 1 of 3

EXHIBIT B  PAGE  26

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

29222 Rancho Viejo Rd., Suite 114, San Juan Capistrano, CA 92677

A true and correct copy of the foregoing document entitled (specify): Proof of Claim

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 06/21/2017 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeffrey W Dulberg        jdulberg@pszjlaw.com
Marc C Forsythe          kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Michael J Hauser         michael.hauser@usdoj.gov
United States Trustee (SA)  ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) 06/21/2017 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Catherine Bauer, USBC, 411 Fourth Street, Santa Ana, CA 92701

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/21/2017 | Scott A. Kron | /s/ Scott A. Kron |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT B  PAGE 27

In re Mt Yohai, LLC
USBC Case #8:16-bk-15157-CB

**Debtor**
Mt Yohai, LLC
3991 MacArthur Blvd #125
Newport Beach, CA 92660

**United States Trustee**
United States Trustee
411 West Fourth Street, #7160
Santa Ana, CA 92701-4500

Bowery Design and Development
8581 Santa Monica BLVD #204
West Hollywood, CA 90069

California TD Specialists
8190 East Kaiser Blvd
Anaheim, CA 92808

Crest Real Estate, LLC
11150 W. Olympic Blvd., Suite 700
Los Angeles, CA 90064

Genesis Capital Master Fund II, LLC
Attn Lending Department
21650 Oxnard Street
Suite 1700
Woodland Hills, CA 91367

Jessica Manafort
703 Greenleaf
Topanga, CA 90290

Kathleen Manafort
721 Fifth Avenue #43G
New York, NY 10002

Paul Manafort
721 Fifth Avenue #43G
New York, NY 10002

Samara Engineering
9100 S Sepulveda Blvd.
Suite 115
Los Angeles, CA 90045

Richard M. Pachulski, Esq.
Jeffrey W. Dulberg, Esq.
PACHULSKI STANG et al
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Jeffrey Yohai
30254 Morning View Drive
Malibu, CA 90265

Jeffrey Yohai
Baylor Holding LLC
3991 MacArthur Blvd. #125
Newport Beach, CA 92660

Los Angeles County Tax Collector
PO Box 54018
Los Angeles, CA 90054-0018

Robert L. Gerner III
c/o Sotheby's International Realty
9255 Sunset Blvd., Mezzanine
West Hollywood, CA 90069

Thomas Fanning
8581 Santa Monica Blvd.
#204
West Hollywood, CA 90069

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F); (2)APPROVING OVERBID PROCEDURES; (3) APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M); AND (4) AUTHORIZING PAYMENT OF UNDISPUTED LIENS AND OTHER ORDINARY COSTS OF SALE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF THOMAS H. CASEY IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **November 20, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 20, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 20, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Catherine Bauer, 411 W. 4th Street, 5th Floor, Santa Ana, CA  92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 20, 2018 | Kelly Adele | *Kelly Adele* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
0.0

**F 9013-3.1.PROOF.SERVICE**

**Electronic Mail Notice List**

Simon Aron    saron@wrslawyers.com
Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Chad V Haes    chaes@marshackhays.com, 8649808420@filings.docketbird.com
Michael J Hauser    michael.hauser@usdoj.gov
D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
Scott A Kron    scott@kronandcard.com
Marc Y Lazo    mlazo@whbllp.com
Richard A Marshack    rmarshack@marshackhays.com,
lbuchanan@marshackhays.com;8649808420@filings.docketbird.com
Sharon Oh-Kubisch    sokubisch@swelawfirm.com,
gcruz@swelawfirm.com;jchung@swelawfirm.com;csheets@swelawfirm.com
Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com
Rachel M Sposato    rsposato@jhindslaw.com, mduran@jhindslaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov