Scott A. Kron, Esq.    [State Bar No. 237769]
KRON & CARD LLP
29222 Rancho Viejo Rd., Suite 114
San Juan Capistrano, CA 92675
Telephone: (949) 367-0520
Facsimile:  (949) 613-8472
Email: scott@kronandcard.com

Richard A. Marshack, Esq. [State Bar No. 107291]
Chad V. Haes, Esq.         [State Bar No. 267221]
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile:  (949) 333-7778
Email: RMarshack@marshackhays.com
chaes@marshackhays.com

Attorneys for Bowery Investment Group, Inc.
dba Bowery Design & Development

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MT YOHAI, LLC, a Delaware liability company,<br><br>    Debtor. | Case No.: 8:16-bk-15157-CB<br><br>Chapter 7<br><br>**SECURED CREDITOR BOWERY INVESTMENT GROUP, INC. dba BOWERY DESIGN & DEVELOPMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO RECONSIDER ORDER APPROVING STIPULATION BETWEEN DEBTOR AND SECURED CREDITOR BOWERY INVESTMENT GROUP, INC. dba BOWERY DESIGN & DEVELOPMENT**<br><br>Date:         December 11, 2018<br>Time:         2:30 p.m.<br>Courtroom:  5D<br>                    411 West Fourth Street<br>                    Santa Ana, CA 92701 |

**OPPOSITION TO MOTION TO RECONSIDER ORDER APPROVING
STIPULATION BETWEEN DEBTOR AND SECURED CREDITOR**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Chapter 7 Trustee requests the Court to reconsider its Order approving a stipulated settlement between the Debtor and the second largest creditor, Bowery Investment Group, Inc. dba Bowery Design and Development ("Bowery"), to vacate that Order, and to enter a new Order denying the Stipulation.

For the reasons set forth herein, Bowery respectfully requests that the Court deny the Chapter 7 Trustee's request for the Court to reconsider its Order approving the stipulated settlement.

## II. FACTS

On December 21, 2016, Debtor filed a voluntary petition under Chapter 11 of Title 11 the United States Code.

On January 27, 2017, Debtor filed its schedules and statements. In its Schedule A, Debtor listed the value of the Property as $6.5 million pursuant to an "appraisal."

In its Schedule D, Debtor lists Bowery as the holder of a secured claim against the Property in the amount of $522,000 ("Bowery Claim"). Debtor *did not* list the Bowery Claim as contingent, unliquidated, or disputed. In sum, Bowery has an undisputed secured claim in the amount of $522,000.

On June 21, 2017, Bowery filed a Proof of Claim.

On July 27, 2017, Bowery filed an Amended Proof of Claim ("Amended Claim"), attaching documentation to support its claim for $522,000, and served the same on Debtor. The supporting documents include: (1) the coversheet from the Los Angeles County Recorder's Office establishing recordation of the mechanic's lien; (2) the mechanic's lien; (3) an invoice detailing, *inter alia*, all work performed by category, the hourly rate at which the work was performed, the total number of hours performed on each task, and the total dollar amount for each task by category; and (4) detailed summaries of hours billed for each month Bowery worked on the project.

-1-

1    On August 25, 2017, Bowery reached a stipulated settlement with the Debtor and filed the stipulation (Doc. #101). In consideration of Bowery's agreement to make available for inspection and to turn over to the Debtor upon full payment of the allowed claim, the Debtor stipulated Bowery shall be deemed to have a secured claim in the amount of $522,000.

On November 3, 2017, the Court entered an Order approving the stipulated settlement between the Debtor and Bowery (Doc. #121).

### III. THE COURT SHOULD DENY THE MOTION TO RECONSIDER THE STIPULATED SETTLEMENT

The Chapter 7 Trustee is asking the Court to reconsider its Order approving a stipulated settlement between the Debtor and Bowery, the second largest creditor, and to enter a new Order denying the stipulated settlement.

Notwithstanding the fact the stipulated settlement was without prejudice to the right of a subsequently appointed bankruptcy trustee to seek reconsideration of an order approving the stipulation, no grounds exist to reconsider the Order approving the stipulation or to vacate the Order and enter a new one denying the Stipulation. The Stipulation was a settlement between Bowery and the Debtor, and in reliance upon the Stipulation, and the Court's subsequent entry of an Order approving it, Bowery performed and made all of its Work Product available for inspection and turn over upon the Debtor's satisfaction of the settlement. But for the stipulated settlement, Bowery could have and would have recorded a new lien, moved for relief from the automatic stay to perfect the lien, and proceeded accordingly.

The Chapter 7 Trustee's argument concerning the validity of Bowery's mechanic's lien is a red herring. Apart the fact Bowery did not perfect the mechanic's lien attached to Bowery's Proof of Claim by filing an action to foreclose it within 90-days of recording, not only did the Debtor advise Bowery of its intention to file bankruptcy prior to the expiration of that 90-days, effectively estopping Bowery from timely foreclosing on the mechanic's lien, but the construction project was still on going, no notice of completion had been recorded, and thus Bowery's lien rights remained intact and Bowery could have released the mechanic's lien attached to its Proof of Claim, recorded a new lien, effectively restarting the time period to

1  perfect a lien, and have perfected it.

2      Simply put, the Stipulation between the Debtor and Bowery was a settlement. In reliance upon that settlement, Bowery withheld from taking certain actions under State law and in this action, and performed according to the terms of the stipulated settlement. Bowery will be unduly prejudiced and irreparably harmed if the Court reconsiders its Order approving the stipulation, vacates that Order, and enters a new Order denying the Stipulation. Accordingly, the Court should deny the Chapter 7 Trustee's Motion to Reconsider the Order Approving the Stipulation.

## IV. CONCLUSION

No cause exists for the Court to vacate its Order approving the Stipulation and entering a new Order denying the Stipulation. Irreparable harm and prejudice to Bowery will occur in the event the Court grants the instant motion.

DATED: November 27, 2018        KRON & CARD LLP

By:   /s/ Scott A. Kron
SCOTT A. KRON, ESQ.
Attorney for Bowery Investment Group, Inc.
dba Bowery Design and Development

-3-

**OPPOSITION TO MOTION TO RECONSIDER ORDER APPROVING
STIPULATION BETWEEN DEBTOR AND SECURED CREDITOR**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

29222 Rancho Viejo Road, Suite 114, San Juan Capistrano, CA 92675

A true and correct copy of the foregoing document entitled (*specify*): Secured Creditor Bowery Investment Group, Inc. dba Bowery Design & Development's Memorandum of Points and Authorities in Opposition to Motion to Reconsider Order Approving Stipulation Between Debtor and Secured Creditor Bowery Investment Group, Inc. dba Bowery Design & Development.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/27/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Chad V Haes on behalf of Interested Party Courtesy NEF chaes@marshackhays.com, 8649808420@filings.docketbird.com;
- Chad V Haes on behalf of Creditor Bowery Investment Group, Inc. dba Bowery Design and Development chaes@marshackhays.com, 8649808420@filings.docketbird.com;
- D Edward Hays on behalf of Creditor Bowery Investment Group, Inc. dba Bowery Design and Development ehays@marshackhays.com, 8649808420@filings.docketbird.com;
- James Andrew Hinds, Jr on behalf of Interested Party Baylor Holdings, LLC jhinds@jhindslaw.com, mduran@jhindslaw.com;
- Jeffrey W Dulberg on behalf of Interested Party Courtesy NEF jdulberg@pszjlaw.com;
- Jeffrey W Dulberg on behalf of Interested Party Genesis Capital, LLC jdulberg@pszjlaw.com;
- Marc C Forsythe on behalf of Debtor Mt Yohai, LLC, a Delaware Limited Liability Company kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com;
- Marc Y Lazo on behalf of Interested Party DCM P-9, LLC mlazo@whbllp.com;
- Marc Y Lazo on behalf of Creditor PJ Nottingham, LLC mlazo@whbllp.com;
- Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA) michael.hauser@usdoj.gov;
- Paul R Shankman on behalf of Interested Party Baylor Holdings, LLC pshankman@jhindslaw.com, mduran@jhindslaw.com;
- Paul R Shankman on behalf of Interested Party Courtesy NEF pshankman@jhindslaw.com, mduran@jhindslaw.com;
- Rachel M Sposato on behalf of Interested Party Baylor Holdings, LLC rsposato@jhindslaw.com, mduran@jhindslaw.com;
- Rachel M Sposato on behalf of Interested Party Courtesy NEF rsposato@jhindslaw.com, mduran@jhindslaw.com;
- Richard Girgado on behalf of Creditor County of Los Angeles Treasurer and Tax Collector rgirgado@counsel.lacounty.gov;
- Richard A Marshack on behalf of Interested Party Courtesy NEF rmarshack@marshackhays.com, lbuchanan@marshackhays.com;8649808420@filings.docketbird.com;
- Scott A Kron on behalf of Interested Party Courtesy NEF scott@kronandcard.com;
- Scott A Kron on behalf of Creditor Bowery Investment Group, Inc. dba Bowery Design and Development scott@kronandcard.com;
- Sharon Oh-Kubisch on behalf of Interested Party Alan Fetzer sokubisch@swelawfirm.com, gcruz@swelawfirm.com,hdavis@swelawfirm.com,csheets@swelawfirm.com;
- Simon Aron on behalf of Creditor Robert L Gerner saron@wrslawyers.com;
- Thomas H Casey (TR) msilva@tomcaseylaw.com, thc@trustesolutions.net; and
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov.

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/27/2018 | Scott A. Kron, Esq. | /s/ Scott A. Kron, Esq. |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**