Scott A. Kron, Esq.    [State Bar No. 237769]
KRON & CARD LLP
29222 Rancho Viejo Rd., Suite 114
San Juan Capistrano, CA 92675
Telephone: (949) 367-0520
Facsimile:  (949) 613-8472
Email: scott@kronandcard.com

Richard A. Marshack, Esq. [State Bar No. 107291]
Chad V. Haes, Esq.       [State Bar No. 267221]
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile:  (949) 333-7778
Email: RMarshack@marshackhays.com
chaes@marshackhays.com

Attorneys for Bowery Investment Group, Inc.
dba Bowery Design & Development

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MT YOHAI, LLC, a Delaware liability company,<br><br>                    Debtor. | Case No.: 8:16-bk-15157-CB<br><br>Chapter 7<br><br>**SECURED CREDITOR BOWERY INVESTMENT GROUP, INC. dba BOWERY DESIGN & DEVELOPMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**<br><br>Date:        December 11, 2018<br>Time:        2:30 p.m.<br>Courtroom:   5D<br>             411 West Fourth Street<br>             Santa Ana, CA 92701 |

-1-

**OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL
PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Chapter 7 Trustee seeks an Order, among other things, authorizing the sale of the real property, the only asset in this case, free of all liens, claims and encumbrances.

For the reasons set forth herein, Secured Creditor Bowery Investment Group, Inc. dba Bowery Design and Development ("Bowery") respectfully requests that the Court deny the Chapter 7 Trustee's motion for Order authorizing the sale of real property.

## II. FACTS

On December 21, 2016, Debtor filed a voluntary petition under Chapter 11 of Title 11 the United States Code.

On January 27, 2017, Debtor filed its schedules and statements. In its Schedule A, Debtor listed the value of the Property as $6.5 million pursuant to an "appraisal."

In its Schedule D, Debtor lists Bowery as the holder of a secured claim against the Property in the amount of $522,000 ("Bowery Claim"). Debtor *did not* list the Bowery Claim as contingent, unliquidated, or disputed. In sum, Bowery has an undisputed secured claim in the amount of $522,000.

On June 21, 2017, Bowery filed a Proof of Claim.

On July 27, 2017, Bowery filed an Amended Proof of Claim ("Amended Claim"), attaching documentation to support its claim for $522,000, and served the same on Debtor. The supporting documents include: (1) the coversheet from the Los Angeles County Recorder's Office establishing recordation of the mechanic's lien; (2) the mechanic's lien; (3) an invoice detailing, *inter alia*, all work performed by category, the hourly rate at which the work was performed, the total number of hours performed on each task, and the total dollar amount for each task by category; and (4) detailed summaries of hours billed for each month Bowery worked on the project.

On August 25, 2017, Bowery reached a stipulated settlement with the Debtor and filed the stipulation (Doc. #101). In consideration of Bowery's agreement to make available for inspection and to turn over to the Debtor upon full payment of the allowed claim, the Debtor

-2-

stipulated Bowery shall be deemed to have a secured claim in the amount of $522,000.

On November 3, 2017, the Court entered an Order approving the stipulated settlement between the Debtor and Bowery (Doc. #121).

### III. THE COURT SHOULD DENY THE MOTION FOR ORDER AUTHORIZING THE SALE OF REAL PROPERTY

The Chapter 7 Trustee seeks an order authorizing the sale of real property, the only asset in this case, free of all liens, claims and encumbrances. The Chapter 7 Trustee alleges the sale will generate approximately $100,000 in net proceeds to the Estate.

Contrary to the Chapter 7 Trustee's assertion otherwise, the sale will not generate $100,000 in *net proceeds* to the Estate. Rather, the proposed sale will generate approximately $100,000 in *gross proceeds*, almost all of which will be consumed by administrative expenses, leaving little or no proceeds to distribute to any junior secured or unsecured creditors, resulting in it being of inconsequential value and no benefit to the Estate. The proper procedure here is to abandon the property under 11 U.S.C. § 554.

Even if abandonment was the proper procedure, the motion to approve the sale should be denied nonetheless. The Chapter 7 Trustee cannot sell the property until all the factors set forth under 11 U.S.C. § 363(f) are met, which the Chapter 7 Trustee has not met here.

### IV. CONCLUSION

This single asset is only being administered for the professionals. The proposed sale results in proceeds of inconsequential value and no benefit to the Estate. The property should be abandoned not sold for the benefit of the professionals to the detriment of the creditors. Otherwise, if not abandoned, the motion to approve the sale should be denied until such time all the factors under 11 U.S.C. § 363(f) have been met.

DATED:  November 27, 2018        KRON & CARD LLP

By:    /s/ Scott A. Kron
SCOTT A. KRON, ESQ.
Attorney for Bowery Investment Group, Inc.
dba Bowery Design and Development

-3-

**OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

29222 Rancho Viejo Road, Suite 114, San Juan Capistrano, CA 92675

A true and correct copy of the foregoing document entitled (*specify*):  Secured Creditor Bowery Investment Group, Inc. dba Bowery Design & Development's Memorandum of Points and Authorities in Opposition to Motion for Order Authorizing Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/27/2018         , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Chad V Haes on behalf of Interested Party Courtesy NEF chaes@marshackhays.com, 8649808420@filings.docketbird.com;
- Chad V Haes on behalf of Creditor Bowery Investment Group, Inc. dba Bowery Design and Development chaes@marshackhays.com, 8649808420@filings.docketbird.com;
- D Edward Hays on behalf of Creditor Bowery Investment Group, Inc. dba Bowery Design and Development ehays@marshackhays.com, 8649808420@filings.docketbird.com;
- James Andrew Hinds, Jr on behalf of Interested Party Baylor Holdings, LLC jhinds@jhindslaw.com, mduran@jhindslaw.com;
- Jeffrey W Dulberg on behalf of Interested Party Courtesy NEF jdulberg@pszjlaw.com;
- Jeffrey W Dulberg on behalf of Interested Party Genesis Capital, LLC jdulberg@pszjlaw.com;
- Marc C Forsythe on behalf of Debtor Mt Yohai, LLC, a Delaware Limited Liability Company kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com;
- Marc Y Lazo on behalf of Interested Party DCM P-9, LLC mlazo@whbllp.com;
- Marc Y Lazo on behalf of Creditor PJ Nottingham, LLC mlazo@whbllp.com;
- Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA) michael.hauser@usdoj.gov;
- Paul R Shankman on behalf of Interested Party Baylor Holdings, LLC pshankman@jhindslaw.com, mduran@jhindslaw.com;
- Paul R Shankman on behalf of Interested Party Courtesy NEF pshankman@jhindslaw.com, mduran@jhindslaw.com;
- Rachel M Sposato on behalf of Interested Party Baylor Holdings, LLC rsposato@jhindslaw.com, mduran@jhindslaw.com;
- Rachel M Sposato on behalf of Interested Party Courtesy NEF rsposato@jhindslaw.com, mduran@jhindslaw.com;
- Richard Girgado on behalf of Creditor County of Los Angeles Treasurer and Tax Collector rgirgado@counsel.lacounty.gov;
- Richard A Marshack on behalf of Interested Party Courtesy NEF rmarshack@marshackhays.com, lbuchanan@marshackhays.com;8649808420@filings.docketbird.com;
- Scott A Kron on behalf of Interested Party Courtesy NEF scott@kronandcard.com;
- Scott A Kron on behalf of Creditor Bowery Investment Group, Inc. dba Bowery Design and Development scott@kronandcard.com;
- Sharon Oh-Kubisch on behalf of Interested Party Alan Fetzer sokubisch@swelawfirm.com, gcruz@swelawfirm.com,hdavis@swelawfirm.com,csheets@swelawfirm.com;
- Simon Aron on behalf of Creditor Robert L Gerner saron@wrslawyers.com;
- Thomas H Casey (TR) msilva@tomcaseylaw.com, thc@trustesolutions.net; and
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov.

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/27/2018 | Scott A. Kron, Esq. | /s/ Scott A. Kron, Esq. |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**