Jeffrey W. Dulberg (SBN 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Tel: 310.277.6910
Fax: 310.201.0760
Email: jdulberg@pszjlaw.com

Attorneys for RAFT Masterfund II, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA DIVISION**

| | |
|---|---|
| In re | Case No. 8:16-bk-15157-CB |
| MT. YOHAI, LLC, a Delaware Limited Liability Company. | Chapter 7 |
| Debtor. | **RAFT MASTERFUND II, LLC'S REPLY TO OPPOSITION FILED BY BOWERY INVESTMENT GROUP, INC. TO MOTION FOR ORDER (1)AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES** |
| | [2521 Nottingham Avenue, Los Angeles, CA] |
| | **DATE:** December 11, 2018<br>**TIME**: 2:30 P.M.<br>**CTRM**: 5D |

RAFT Masterfund II, LLC ("RAFT"), hereby files this reply (the "Reply") in support of the *Motion for Order (1) Authorizing Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances* [Docket No. 257] (the "Motion"), and in response to *Secured Creditor Bowery Investment Group, Inc. dba Bowery Design & Development's Memorandum of Points and Authorities in Opposition* to the Motion [Docket No. 262] (the "Bowery Opposition").  In support of this Reply, RAFT states as follows:

1. As acknowledged in the Motion, RAFT is the holder of an allowed first priority deed of trust against the Property that secures a debt of approximately $1,116,439.38 as of the anticipated

hearing date for this Motion of December 11, 2018 (plus interest accruing at the rate of $238.18 per diem, and ongoing legal fees).  See Motion at p. 2.

2. This single asset real estate case is now two years old.  The case has been in chapter 7 for nearly a year after being in chapter 11 before that for over one year.  In the meantime, over those two years, no progress has been made to repay creditors until the Motion at issue.  The Debtor has made no adequate protection payments for well over 18 months while interest, fees and costs continue to accrue daily, further sinking the value of the Property below the amount of RAFT's first trust deed.

3. Just as in the companion case of 779 Stradella, LLC ("Stradella"),[1] this chapter 7 case involves single asset real estate that lingered for years in a failed chapter 11, all the while accruing interest and costs to the detriment of creditors.  As with Stradella, the Trustee has been unable to identify a purchaser willing to offer enough for the Property to pay off the existing first trust deed held by RAFT.  Thus, as in Stradella, the Trustee has entered into a sale agreement with RAFT as the first lien holder which will result in (a) payment of all outstanding real property taxes in full, (b) elimination of RAFT's first trust deed via credit bid, and (c) payment of $100,000 in gross sale proceeds to the estate.  Once again, just as in Stradella, this deal represents a solution for the chapter 7 estate by liquidating its sole asset, providing some excess consideration for the estate, and allowing the case to come to a conclusion.

4. Bowery's Opposition provides no justification whatsoever for why this sale should not go forward.  Rather, Bowery ignores the duty imposed by the Bankruptcy Code upon the Trustee to maximize the value of estate assets for the benefit of creditors.  Section 704(a) of the Bankruptcy Code states that a "trustee shall collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interest of parties

---

[1] As the Court will recall, Jeffrey Yohai was the principal behind both of these Debtors as well as two other related single asset real estate debtors before this Court where RAFT is the first priority deed of trust holder (i.e. In re 1550 Blue Jay Way, LLC and In re 2401 Nottingham LLC). Last month, Mr. Yohai, Paul Manafort's ex-son-in-law, was "charged with another real estate scam in LA" while out on bond while awaiting sentencing for similar crimes, according to federal prosecutors. See, e.g., https://www.nbcnews.com/politics/justice-department/paul-manafort-s-ex-son-law-yohai-charged-another-real-n933526

DOCS_LA:318051.2 30599/001

in interest." Bowery offers no explanation for what this duty should be ignored in favor of a haphazard denial of a routine auction followed by a sale. Instead, Bowery cries that the Property might be worth more than the proposed sale consideration….while ignoring that the **sale is subject to overbid at auction**. If Bowery is correct and a Qualified Bidder surfaces who will generate more total cash consideration to the estate than RAFT's current proposal, so be it. This is why RAFT insisted – just as in the Stradella case – that the sale be subject to overbid at auction, the universally accepted method for achieving maximum value. Make no mistake, RAFT is a reluctant purchaser here and, as the first trust deed holder, would benefit most if Bowery's imagined overbidder were real.

5. Finally Bowery's opposition should be overruled because **Bowery itself attempted to purchase the Property while the case was pending in chapter 11.** As the Court may recall and Docket No. 158 reflects, in November 2017, the Debtor filed its motion to sell the Property to Bowery for an amount that would pay off RAFT (then known as Genesis) in full as the first trust deed holder. That sale ultimately did not close when Bowery was unable to come up with the consideration necessary to close the sale. The point, of course, is that well over one year ago, Bowery attempted to "cash out" the estate just as RAFT is doing here. It is extremely sanctimonious for Bowery to be attempting to block this sale given that it sought the same outcome earlier in the case. For reasons that are not given, Bowery as the holder of a contested junior lien, inexplicably requests that the Court compel the Trustee to abandon the Property under section 554 of the Bankruptcy Code. Bowery never explains how abandonment – which will lead to zero consideration for the estate – will benefit creditors, including Bowery. All that would happen after abandonment is that RAFT would foreclose on the Property in accordance with state law. Indeed, this is precisely what happened in the companion case of 1550 Blue Jay Way, LLC. In that case, the case was converted to chapter 7, the trustee (Karen Naylor) abandoned the property and the Court subsequently granted RAFT relief from the stay to foreclose. Junior interests in that case received nothing…and now in this case Bowery is a junior interest holder but is objecting to a sale where the senior interest holder is going out of its way to provide additional monies to the estate, rather than seeking to foreclose!

3

DOCS_LA:318051.2 30599/001

6. It is almost ludicrous that RAFT has to now defend a purchase of the Property now at bar, where RAFT will have to pay $100,000.00 to the estate when it could very well take Bowery up on its "offer" and simply foreclose after abandonment/relief from stay. It is incumbent upon Bowery to explain how that could possibly be a desirable outcome for the estate or Bowery. Otherwise, this auction should go forward, just as it did in Stradella.

Dated: December 4, 2018            PACHULSKI STANG ZIEHL & JONES LLP

By    /s/ *Jeffrey W. Dulberg*
     Jeffrey W. Dulberg

Attorneys for RAFT Masterfund II, LLC

DOCS_LA:318051.2 30599/001

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **RAFT MASTERFUND II, LLC'S REPLY TO OPPOSITION FILED BY BOWERY INVESTMENT GROUP, INC. TO MOTION FOR ORDER (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 4, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **December 4, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 4, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA Overnight Mail**
The Honorable Catherine Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

**By Email**:
Attorneys for Bowery Investment Group, Inc. dba Bowery Design & Development
Scott A. Kron *scott@kronandcard.com*
Richard A. Marshack *RMarshack@marshackhays.com*
Chad V. Haes *chaes@marshackhays.com*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 4, 2018 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:303820.1 30599/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   **Mailing Information for Case 8:16-bk-15157-CB**

   - *Simon Aron    saron@wrslawyers.com*
   - *Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net*
   - *Jeffrey W Dulberg    jdulberg@pszjlaw.com*
   - *Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com*
   - *Richard Girgado    rgirgado@counsel.lacounty.gov*
   - *Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com*
   - *Chad V Haes    chaes@marshackhays.com, 8649808420@filings.docketbird.com*
   - *Michael J Hauser    michael.hauser@usdoj.gov*
   - *D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com*
   - *Scott A Kron    scott@kronandcard.com*
   - *Marc Y Lazo    mlazo@whbllp.com*
   - *Richard A Marshack    rmarshack@marshackhays.com, lbuchanan@marshackhays.com;8649808420@filings.docketbird.com*
   - *Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;jchung@swelawfirm.com;csheets@swelawfirm.com*
   - *Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com*
   - *Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com*
   - *Rachel M Sposato    rsposato@jhindslaw.com, mduran@jhindslaw.com*
   - *United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.