1  **WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
2  jgolden@wgllp.com
Beth E. Gaschen, State Bar No. 245894
3  bgaschen@wgllp.com
Ryan W. Beall, State Bar No. 313774
4  rbeall@wgllp.com
650 Town Center Drive, Suite 600
5  Costa Mesa, California 92626
Telephone    714-966-1000
6  Facsimile    714-966-1002

7  Attorneys for Chapter 7 Trustee
Thomas H. Casey

8

9              **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11              **SANTA ANA DIVISION**

12  In re                                          Case No. 8:16-bk-15157-CB

13  Mt. Yohai, LLC, a Delaware limited liability   Chapter 7
company,
14                                                 **REPLY TO SECURED CREDITOR**
**BOWERY INVESTMENT GROUP, INC. dba**
15         Debtor.                                 **BOWERY DESIGN & DEVELOPMENT'S**
**OPPOSITION TO MOTION TO**
16                                                 **RECONSIDER ORDER APPROVING**
**STIPULATION BETWEEN DEBTOR AND**
17                                                 **SECURED CREDITOR BOWERY**
**INVESTMENT GROUP, INC. dba BOWERY**
18                                                 **DESIGN & DEVELOPMENT**

19                                                 **DATE:     December 11, 2018**
**TIME:     2:30 p.m.**
20                                                 **PLACE:   Courtroom 5D**
**411 West Fourth Street**
21                                                 **Santa Ana, CA 92701**

22

23  **TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY**

24  **JUDGE, AND ALL PARTIES IN INTEREST:**

25         Thomas H. Casey, the duly appointed, qualified and acting chapter 7 trustee

26  ("Trustee") for the bankruptcy estate ("Estate") of Mt. Yohai, LLC ("Debtor"), files this

27  Reply to Secured Creditor Bowery Investment Group, Inc. dba Bowery Design &

28  Development's Opposition ("Opposition") to *Motion of Chapter 7 Trustee, Thomas H.*

1197425.1                                                                              REPLY

*(left margin vertical text)* Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

*Casey, to Reconsider Order Approving Stipulation Between Debtor and Secured Creditor Bowery Investment Group, Inc. dba Bowery Design and Development* ("Motion"). In support of the Reply, the Trustee submits the following memorandum of points and authorities.

## I.    INTRODUCTION

The Trustee respectfully requests this Court grant the Motion reconsider its *Order Approving Stipulation Between Debtor and Secured Creditor Bowery Investment Group, Inc. DBA Bowery Design and Development* [Docket No. 121] ("Order") entered November 3, 2017, which approved the stipulation entered into between Debtor and Bowery Investment Group, Inc. dba Bowery Design & Development ("Bowery") [Docket No. 101] ("Stipulation"). The opposition is devoid of any legal or factual grounds that would warrant the denial of the Motion. No lien existed as a basis for the secured claim that Debtor gave to Bowery pursuant to the Stipulation. The Stipulation granted a secured claim to Bowery in the amount of $522,000.00 where otherwise Bowery would have no secured claim and no right to a secured claim. In exchange, the Debtor was able to inspect Work Product.[1] Possession of the Work Product was never turned over to the Debtor. There is no theory upon which Bowery can claim that it had a valid lien, or could have had a valid lien, at the time of the Stipulation and the inspection of Work Product does not create grounds for a lien.

## II.    THE COURT SHOULD GRANT THE MOTION AND RECONSIDER ITS MOTION APPROVING THE STIPULATION

### A.    Bowery Did Not Have a Lien at the Time of the Stipulation

In the Motion, Trustee argued that the Court has the authority to reconsider its Order approving the Stipulation, and should do so because the mechanic's lien that formed the basis for Bowery's claim was not perfected, and therefore Bowery's mechanic's lien was void and unenforceable. Bowery thus, did not have a valid secured

---

[1] As defined in the Stipulation.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  claim. Bowery does not dispute the assertion that its mechanic's lien was unperfected.

2  Bowery's argument instead is twofold: (1) the construction project was still on going, thus

3  Bowery could have released the mechanic's lien attached to its Proof of Claim and

4  recorded a new lien, restarting the time period to perfect a lien, and (2) Debtor told

5  Bowery of its intention to file bankruptcy prior to the expiration of the 90-day deadline to

6  perfect its mechanic's lien, therefore Bowery was "effectively estopped" from timely

7  foreclosing on the mechanic's lien. Neither of these arguments carry water.

8  **1.    Bowery Was Not Entitled to Release its Lien and Record a New**

9  **Lien at the Time of the Stipulation**

10  Bowery does not cite any authorities, statutory or otherwise, to support its claim

11  that it could have released its mechanic's lien, recorded a new lien, and restarted the time

12  to perfect its lien at the time of the Stipulation. Primarily, it is important to note the timeline

13  of the events. Bowery recorded a Claim of Mechanic's Lien on August 26, 2016. The

14  Debtor commenced this bankruptcy proceeding on December 21, 2016. The Stipulation

15  was filed on August 25, 2017. The last day that work was done on the property appears to

16  be July 28, 2016.[2]

17  The parties agree that the law clearly states that for its mechanic's lien to be

18  perfected, Bowery was required to properly perfect the lien under Cal. Code Civ. Proc.

19  § 8460(a), which requires commencement of an action to enforce the lien within 90 days

20  of recordation of the claim of mechanic's lien. It is undisputed that no commencement of

21  an action to enforce the lien ever occurred. Cal. Code Civ. Proc. § 8460(a) clearly

22  mandates that if no action is commenced within that 90 day period, the claim of lien

23  expires and is unenforceable, and Bowery has offered no authority to dispute this. As a

24  result, Bowery's lien, the same lien that was the subject of the August 25, 2017

25  Stipulation, had legally expired and become unenforceable on approximately November

26

27

28  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[2] This is the last date with a billing entry for time pursuant to the attachment to Bowery's Proof of Claim
No. 4-2.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 | 25, 2016, approximately a month prior to the filing of the bankruptcy petition and over 9

2 | months prior to the filing of the Stipulation.

3 | Bowery claims that, but for the Stipulation, Bowery could have recorded a new lien,

4 | and moved to perfect the new lien. This creates a conundrum for Bowery. Bowery must

5 | argue that the Court should not consider the evidence before it, namely that the last day of

6 | work was July 28, 2016. Pursuant to Cal. Civ. Code § 3116, Bowery was required to

7 | record its claim of lien within 90 days of cessation of the work performed. Thus, if the last

8 | day of work was July 28, 2016, then after approximately October 26, 2016[3], Bowery would

9 | have been unable to record a claim of lien. Since this deadline is pre-petition, clearly

10 | Bowery would not have had the right to, nearly a year later, record a new claim of lien long

11 | after the last day of work.

12 | Assuming Bowery is trying to assert that that the last day of work was in fact a date

13 | within 90 days of the petition date (even though there are no admissible facts in evidence

14 | to support this), so as to implicate the tolling doctrine, the last day of work would

15 | necessarily come after August 26, 2016[4]. This would mean that the Claim of Mechanic's

16 | Lien filed August 26, 2016, was an improper claim of lien pursuant to Cal. Civ. Code

17 | § 3116 which provides that "in order to enforce a lien, [contractor] **must** record his claim of

18 | lien **after** he has ceased furnishing labor, services, equipment, or materials, and before

19 | the expiration of (a) 90 days after completion of the work. . ." Cal. Civ. Code § 3116

20 | (emphasis added). Recordation of a claim of lien prior to the cessation of work is improper

21 | and unenforceable.

22 | Furthermore, Bowery's argument that it could have recorded a new lien at some

23 | point after August 25, 2017, more than a year after work stopped, is not supported by the

24 | law. Bowery's argument, although completely devoid of any authorities, statutory or

25 | otherwise, necessarily relies upon the doctrine of tolling. Bowery has never argued that it

26 |

27 | [3] 90 days after cessation of work (July 28, 2016).

28 | [4] Since 90 days after August 26, 2016 (day of the recording of the Claim of Mechanic's Lien) was prior to the Petition Date.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  actually perfected its lien. Bowery has never argued that it actually recorded a new claim

2  of lien. Bowery only argues that it could have filed a new claim of lien at the time of the

3  Stipulation. This is only possible if work was performed within 90 days of the filing of the

4  petition and the time period for Bowery to file a claim of mechanic's lien was tolled, or

5  work actually was performed within 90 days of the filing of the Stipulation. Tolling does not

6  operate to absolve Bowery of its requirement to file a claim of mechanic's lien within 90

7  days of cessation of work.

8      Generally, the tolling doctrine in bankruptcy allows tolling of certain nonbankruptcy

9  requirements when the automatic stay operates to estop the creditor from pursuing the

10  necessary action to seek redress on its claims. However, the Ninth Circuit has dictated

11  that mechanic's lien perfection is not subject to the tolling doctrine in bankruptcy. *See*

12  *John Hand v. Hunters Run Limited Partnership (In re Hunters Run Ltd. Partnership)*, 875

13  F.2d 1425 (9th Cir. 1989). *Hunters Run* dealt with a contractor who furnished labor and

14  materials to certain real property of the debtor in Washington State. There, the contractor

15  actually recorded a claim of lien pre-petition, however the court held that "if [contractor]

16  had not recorded his lien under [WA state law requiring mechanic's liens to be recorded]

17  *before* the bankruptcy petition was filed, then in spite of section 362(a)(4)'s language

18  staying *perfection* of liens he could have filed notice of his lien with the bankruptcy court

19  *after* the petition was filed because section 546(b) permits him to do so." *In re Hunters*

20  *Run Ltd. Partnership*, 875 F.2d at 1428. Furthermore, the court specifically held that

21  "'perfection' [is] exempted from section 362's stay by section 546(b)." *Id.* Thus, § 108 does

22  not apply to toll the requirement of a contractor to perfect its lien within the required time

23  frame because the automatic stay does not operate to prohibit a contractor from moving to

24  perfect its lien, including filing a notice of lien after commencement of a case. Therefore,

25  no tolling would apply, and Bowery needed to file notice of its lien, arising from work

26  allegedly performed after August 26, 2016, within 90 days of cessation of work, regardless

27  of the existence of a bankruptcy proceeding.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    Although *Hunters Run* ultimately found that the contractor's requirement to initiate a

2    proceeding on behalf of its notice of lien[5] *was* tolled, subsequent courts have decided that

3    the automatic stay does not apply to forbid a contractor from issuing a notice of

4    foreclosure or enforcement action. *See In re Baldwin Builders*, 232 B.R. 406 (9th Cir.

5    B.A.P. 1999). The *Baldwin Builders* court held that, "Section 546(b) unambiguously

6    mandates that, if commencement of an action is required to maintain or continue

7    perfection, notice shall be given instead." *Id.* at 411. Actions taken to perfect a lien do not

8    violate the automatic stay and contractors are required to take affirmative action to comply

9    with the notice requirement. *Id.* at 414. It is clear that a contractor must perfect its lien

10   according to the nonbankruptcy statutory requirements, and the automatic stay does not

11   operate as a stay to perfection of liens. Thus, Bowery was required to file its "new" claim

12   of mechanic's lien within 90 days of cessation of work. If, as Bowery argues, the

13   Stipulation induced Bowery to not file such "new" claim of mechanic's lien, such argument

14   should only be considered had Bowery also argued that (1) cessation of work did not

15   occur until less than 90 days before August 25, 2017 (date of the Stipulation), (2) Bowery

16   did not violate the automatic stay by performing work post-petition for which it is now

17   attempting to be paid[6], and (3) Bowery's Claim of Mechanic's Lien filed August 26, 2016,

18   was illegally filed before cessation of work. The record is devoid of these facts and are

19   contrary to what is in evidence.

20   Upon the evidence before the Court, Bowery filed a Claim of Mechanic's Lien on

21   August 26, 2016. Bowery failed to perfect such lien by failing to file an action enforcing the

22   lien within 90 days pursuant to Cal. Code Civ. Proc. § 8460(a). Bowery did not, and does

23   not, have an unqualified right to release its lien and file a new lien; such new lien can only

24   be filed within 90 days of cessation of work pursuant to Cal. Civ. Code § 3116. The

25

26   [5] Although, importantly, the requirement to give notice of a lien (i.e. a claim of mechanic's lien) was *not* tolled pursuant to § 108.

27

28   [6] And such work does not appear in any documents filed with the Court including both Bowery's proof of claim No. 4-1 and Bowery's amended proof of claim No. 4-2.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    automatic stay does not operate to prohibit a creditor from perfecting its lien, and thus

2    tolling does not apply to the filing of a claim of mechanic's lien, which courts have

3    consistently held as a perfection action not an enforcement action. Contractors are

4    required to file a notice of intention to enforce their lien within the time period required,

5    here 90 days from the filing of a claim of mechanic's lien, and the automatic stay operates

6    only as a stay to actual enforcement, not the noticing of such proceeding. Therefore,

7    Bowery did not have a valid lien, and could not have had a valid lien, as of the date of the

8    Stipulation. Bowery's argument that it could have recorded a new lien is based upon no

9    authority, and all authorities before this Court indicate that Bowery had no such right.

10    **2.    Bowery Was Not "Effectively Estopped" From Timely**

11    **Foreclosing on the Mechanic's Lien**

12    Bowery's other argument, that it was "effectively estopped" from foreclosing on its

13    mechanic's lien because Debtor informed Bowery of its intention to file bankruptcy, also

14    fails. Bowery has introduced no authority to support its argument that knowledge of a

15    future bankruptcy proceeding implicates the automatic stay or some other imaginary stay,

16    "effectively estopping" Bowery from foreclosing on its mechanic's lien.

17    The California rules for filing and perfecting a mechanic's lien are clear. There is no

18    rule prohibiting recording and perfecting a mechanic's lien simply because the contractor

19    becomes aware that a bankruptcy case will be filed in the future. Instead, the calculus is

20    quite simple. On or about November 25, 2016, 90 days had elapsed after the filing of the

21    Claim of Mechanic's Lien. Bowery had not filed any action to enforce the mechanic's lien

22    as required by Cal. Code Civ. Proc. § 8460(a). Therefore, the lien was void and

23    unenforceable as of that date. No bankruptcy petition had been filed, and even if a

24    bankruptcy petition had been filed, pursuant with the analysis above, Bowery would not

25    have been excused from filing a notice of enforcement of the mechanic's lien.

26    Bowery's knowledge of a future bankruptcy case is completely irrelevant. Not only

27    would such knowledge be irrelevant even if the filing of the bankruptcy case changed its

28    rights with respect to its requirement to perfect its mechanic's lien, but it is absolutely

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   irrelevant where the filing of the bankruptcy case does not affect Bowery's rights and

2   obligations with respect to its mechanic's lien. Under no theory would knowledge of a

3   future bankruptcy filing operate to absolve Bowery's of its requirement to perfect its lien in

4   accordance with California law.

5           **B.      The Stipulation Impermissibly Granted Rights to Bowery**

6           The Stipulation between Debtor and Bowery granted Bowery a $522,000.00

7   secured claim on the basis of its void and unenforceable mechanic's lien. Bowery refers to

8   the Stipulation as a "stipulated settlement" yet the Stipulation was filed without notice and

9   a hearing and without notice to all creditors. This lack of due process would also provide

10  grounds for reconsideration as would the fact that the Stipulation does not demonstrate

11  how it satisfies the factors for the approval of a proposed settlement under *In re A & C*

12  *Properties.* 784 F.2d 1377 (9th Cir. 1986). Bowery claims it will be irreparably harmed if

13  the Court reconsiders its Order. This is not the case.

14          The Stipulation effectively granted, on the one hand, to Bowery a $522,000.00

15  secured claim *that it was in no way entitled to* and on the other hand, to the Debtor, the

16  ability to see, but not possess, Work Product. Thus, the Debtor gave a $522,000.00

17  secured claim to a creditor who did not, and could not, have a lien, for the privilege of

18  seeing Work Product. The Work Product has not been turned over to the Debtor.

19          Bowery argues that it will be irreparably harmed because the Work Product was

20  shown to the Debtor. This pales in comparison to the harm done to the creditors in this

21  case. There is $522,000.00 unavailable for distribution to creditors due to the Stipulation.

22  The Work Product has not been actually turned over to the Debtor. The balance of

23  equities clearly favors reconsideration of the Order.

24  //

25  //

26  //

27  //

28  //

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**III.**    **CONCLUSION**

Accordingly, the Trustee respectfully requests the Court enter an order granting the

Motion pursuant to Federal Rule of Bankruptcy Procedure 3008 and 11 U.S.C. § 502(j),

and denying the Stipulation.

Respectfully submitted,

Dated: December 4, 2018                     WEILAND GOLDN GOODRICH LLP


By: */s/ Jeffrey I. Golden*
   JEFFREY I. GOLDEN
   BETH E. GASCHEN
   RYAN W. BEALL
   Counsel for Chapter 7 Trustee
   Thomas H. Casey

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1197425.1

REPLY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Reply to Secured Creditor Bowery Investment Group, Inc. dba Bowery Design & Development's Opposition to Motion to Reconsider Order Approving Stipulation Between Debtor and Secured Creditor Bowery Investment Group, Inc., dba Bowery Design  Development
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 4, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) December 4, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 4, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served by Personal Delivery**
Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/4/2018 | Victoria Rosales | *victoria* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Simon Aron    saron@wrslawyers.com
Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Chad V Haes    chaes@marshackhays.com, 8649808420@filings.docketbird.com
Michael J Hauser    michael.hauser@usdoj.gov
D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
Scott A Kron    scott@kronandcard.com
Marc Y Lazo    mlazo@whbllp.com
Richard A Marshack    rmarshack@marshackhays.com,
lbuchanan@marshackhays.com;8649808420@filings.docketbird.com
Sharon Oh-Kubisch    sokubisch@swelawfirm.com,
gcruz@swelawfirm.com;jchung@swelawfirm.com;csheets@swelawfirm.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com
Rachel M Sposato    rsposato@jhindslaw.com, mduran@jhindslaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**SERVED BY UNITED STATES MAIL**:
Mt Yohai, LLC
3991 MacArthur Blvd., Suite 125
Newport Beach, CA 92660

Bowery Design and Development
8581 Santa Monica Blvd., #204
West Hollywood, CA 90069

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**