**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye C. Rasch, State Bar No. 253838
frasch@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Thomas H. Casey

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Mt. Yohai, LLC, a Delaware limited liability company,<br><br>　　　　　Debtor. | Case No. 8:16-bk-15157-CB<br><br>Chapter 7<br><br>**REPLY TO [ALLEGED] SECURED CREDITOR BOWERY INVESTMENT GROUP, INC. dba BOWERY DESIGN & DEVELOPMENT'S OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES**<br><br>**DATE:    December 11, 2018**<br>**TIME:    2:30 p.m.**<br>**PLACE:  Courtroom 5D**<br>**　　　　411 West Fourth Street**<br>**　　　　Santa Ana, CA 92701** |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY**

**JUDGE, AND ALL PARTIES IN INTEREST:**

　　　　Thomas H. Casey, the duly appointed, qualified and acting chapter 7 trustee ("Trustee") for

the bankruptcy estate ("Estate") of Mt. Yohai, LLC ("Debtor"), files this Reply to [Alleged]

Secured Creditor Bowery Investment Group, Inc. dba Bowery Design & Development's

("Bowery") Opposition ("Opposition") to *Motion For Order Authorizing Sale of Real Property*

*Free and Clear of All Liens, Claims, and Encumbrances* ("Motion"). In support of the Reply, the Trustee submits the following memorandum of points and authorities.

## I. INTRODUCTION

As was explained in the Motion, the mechanic's lien that purported to form the basis for Bowery's secured claim was not perfected. Accordingly, Bowery's mechanic's lien is void, unenforceable and cannot form the basis for a secured claim. In light of the fact that Bowery does not have a secured claim in the property commonly known as 2521 Nottingham Avenue, Los Angeles, California 90027 ("Property"), there is no just cause for Bowery to object to the proposed sale.

## II. BOWERY'S SECURED CLAIM IS INVALID

### A. The Stipulation Giving Rise to the Secured Claim Impermissibly Granted Rights to Bowery

The Trustee has filed a *Motion to Reconsider Order Approving Stipulation Between Debtor and Secured Creditor Bowery Investment Group, Inc. dba Bowery Design and Development* ("Reconsideration Motion") asking the Court to reconsider its order approving the stipulation between Debtor and Bowery that granted Bowery a $522,000.00 secured claim ("Stipulation"). The Reconsideration Motion explains in detail that the Stipulation was improper because the secured claim was granted on the basis of a void and unenforceable mechanic's lien. In opposing the Reconsideration Motion, Bowery does not dispute the assertion that its lien was unperfected, but rather makes two failing arguments as to why its claim should stand.

First, Bowery argues that the construction project was still on going, thus Bowery could have released the mechanic's lien attached to its Proof of Claim and recorded a new lien, restarting the time period to perfect a lien. Second, Bowery argues that Debtor told Bowery of its intention to file bankruptcy prior to the expiration of the 90-day deadline to perfect its mechanic's lien, therefore Bowery was "effectively estopped" from timely foreclosing on the mechanic's lien. Neither of these arguments are supported by applicable law.

1197425.1           2           REPLY

### 1. **Bowery Was Not Entitled to Release its Lien and Record a New Lien at the Time of the Stipulation**

Bowery does not cite any authorities, statutory or otherwise, to support its claim that it could have released its mechanic's lien, recorded a new lien, and restarted the time to perfect its lien at the time of the Stipulation. Primarily, it is important to note the timeline of the events. Bowery recorded a Claim of Mechanic's Lien on August 26, 2016. The Debtor commenced this bankruptcy proceeding on December 21, 2016. The Stipulation was filed on August 25, 2017. The last day that work was done on the property appears to be July 28, 2016.[1]

The parties agree that the law clearly states that for its mechanic's lien to be perfected, Bowery was required to properly perfect the lien under Cal. Code Civ. Proc. § 8460(a), which requires commencement of an action to enforce the lien within 90 days of recordation of the claim of mechanic's lien. It is undisputed that no commencement of an action to enforce the lien ever occurred. Cal. Code Civ. Proc. § 8460(a) clearly mandates that if no action is commenced within that 90-day period, the claim of lien expires and is unenforceable. As a result, Bowery's lien, the same lien that was the subject of the August 25, 2017 Stipulation, had legally expired and become unenforceable on approximately November 25, 2016, approximately a month prior to the filing of the bankruptcy petition and over 9 months prior to the filing of the Stipulation.

Bowery claims that, but for the Stipulation, Bowery could have recorded a new lien, and moved to perfect the new lien. This creates a conundrum for Bowery. Bowery must argue that the Court should not consider the evidence before it, namely that the last day of work was July 28, 2016. Pursuant to Cal. Civ. Code § 3116, Bowery was required to record its claim of lien within 90 days of cessation of the work performed. Thus, if the last day of work was July 28, 2016, then after approximately October 26, 2016[2], Bowery would be unable to record a claim of lien. Since this

---

[1] This is the last date with a billing entry for time pursuant to the attachment to Bowery's Proof of Claim No. 4-2.

[2] 90 days after cessation of work (July 28, 2016).

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

deadline is pre-petition, clearly Bowery would not have had the right to, nearly a year later, record a new claim of lien long after the last day of work.

Assuming Bowery is trying to assert that the last day of work was in fact a date within 90 days of the petition date (even though there are no admissible facts to support this), so as to implicate the tolling doctrine, the last day of work would necessarily come after August 26, 2016[3]. This would mean that the Claim of Mechanic's Lien filed August 26, 2016, was an improper claim of lien pursuant to Cal. Civ. Code § 3116 which provides that "in order to enforce a lien, [contractor] **must** record his claim of lien **after** he has ceased furnishing labor, services, equipment, or materials, and before the expiration of (a) 90 days after completion of the work. . ." Cal. Civ. Code § 3116 (emphasis added). Recordation of a claim of lien prior to the cessation of work is improper

Furthermore, Bowery's argument that it could have recorded a new lien at some point after August 25, 2017, more than a year after work stopped, is not supported by applicable law. Bowery's argument, although completely devoid of any authorities, statutory or otherwise, necessarily relies upon the doctrine of tolling. Bowery has never argued that it actually perfected its lien. Bowery has never argued that it actually recorded a new claim of lien. Bowery only argues that it could have filed a new claim of lien at the time of the Stipulation. This is only possible if work was performed within 90 days of the filing of the petition and the time period for Bowery to file a claim of mechanic's lien was tolled or work actually was performed within 90 days of the filing of the Stipulation. Tolling does not operate to absolve Bowery of its requirement to file a claim of mechanic's lien within 90 days of cessation of work.

Generally, the tolling doctrine in bankruptcy allows tolling of certain nonbankruptcy requirements when the automatic stay operates to estop the creditor from pursuing the necessary action to seek redress on its claims. However, the Ninth Circuit has dictated that mechanic's lien perfection is not subject to the tolling doctrine in bankruptcy. *See John Hand v. Hunters Run*

---

[3] Since 90 days after August 26, 2016 (day of the recording of the Claim of Mechanic's Lien) was prior to the Petition Date.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

*Limited Partnership (In re Hunters Run Ltd. Partnership)*, 875 F.2d 1425 (9th Cir. 1989). *Hunters Run* dealt with a contractor who furnished labor and materials to certain real property of the debtor in Washington State. There, the contractor actually recorded a claim of lien pre-petition, however the court held that "if [contractor] had not recorded his lien under [WA state law requiring mechanic's liens to be recorded] *before* the bankruptcy petition was filed, then in spite of section 362(a)(4)'s language staying *perfection* of liens he could have filed notice of his lien with the bankruptcy court *after* the petition was filed because section 546(b) permits him to do so." *In re Hunters Run Ltd. Partnership*, 875 F.2d at 1428. Furthermore, the court specifically held that "'perfection' [is] exempted from section 362's stay by section 546(b)." *Id*. Thus, § 108 does not apply to toll the requirement of a contractor to perfect its lien within the required time frame because the automatic stay does not operate to prohibit a contractor from moving to perfect its lien, including filing a notice of lien after commencement of a case. Therefore, no tolling would apply, and Bowery would be required to file notice of its lien, arising from work allegedly performed after August 26, 2016, within 90 days of cessation of work, regardless of the existence of a bankruptcy proceeding.

Although *Hunters Run* ultimately found that the contractor's requirement to initiate a proceeding on behalf of its notice of lien[4] *was* tolled, subsequent courts have decided that the automatic stay does not apply to forbid a contractor from issuing a notice of foreclosure or enforcement action. *See In re Baldwin Builders*, 232 B.R. 406 (9th Cir. B.A.P. 1999). The *Baldwin Builders* court held that, "Section 546(b) unambiguously mandates that, if commencement of an action is required to maintain or continue perfection, notice shall be given instead." *Id*. at 411. Actions taken to perfect a lien do not violate the automatic stay and contractors are required to take affirmative action to comply with the notice requirement. *Id.* at 414. It is clear that a contractor must perfect its lien according to the nonbankruptcy statutory requirements, and the automatic stay does not operate as a stay to perfection of liens. Thus, Bowery was required to file its "new" claim

---

[4] Although, importantly, the requirement to give notice of a lien (i.e. a claim of mechanic's lien) was *not* tolled pursuant to § 108.

of mechanic's lien within 90 days of cessation of work. If, as Bowery argues, the Stipulation induced Bowery to not file such "new" claim of mechanic's lien, such argument should only be even considered if Bowery also argues that (1) cessation of work did not occur until less than 90 days before August 25, 2017 (date of the Stipulation), (2) Bowery did not violate the automatic stay by performing work post-petition for which it is now attempting to be paid[5], and (3) Bowery's Claim of Mechanic's Lien filed August 26, 2016, was illegally filed before cessation of work.

Upon the evidence before the Court however, Bowery filed a Claim of Mechanic's Lien on August 26, 2016. Bowery failed to perfect such lien by failing to file an action enforcing the lien within 90 days pursuant to Cal. Code Civ. Proc. § 8460(a). Bowery did not, and does not, have an unqualified right to release its lien and file a new lien; such new lien can only be filed within 90 days of cessation of work pursuant to Cal. Civ. Code § 3116. The automatic stay does not operate to prohibit a creditor from perfecting its lien, and thus tolling does not apply to the filing of a claim of mechanic's lien, which courts have consistently held as a perfection action not an enforcement action. Contractors are required to file a notice of intention to enforce their lien within the time period required, here 90 days from the filing of a claim of mechanic's lien, and the automatic stay operates only as a stay to actual enforcement, not the noticing of such proceeding. Therefore, Bowery did not have a valid lien, and could not have had a valid lien, as of the date of the Stipulation. Bowery's argument that it could have recorded a new lien is based upon no authority, and all authorities before this Court indicate that Bowery had no such right.

**2. Bowery Was Not "Effectively Estopped" From Timely Foreclosing on the Mechanic's Lien**

Bowery's other argument that it was effectively estopped from foreclosing on its lien because the Debtor intended to file a bankruptcy, also fails. Bowery has introduced no authority to support its argument. Bowery appears to argue that knowledge of a future bankruptcy proceeding

---

[5] And such work does not appear in any documents filed with the Court including both Bowery's proof of claim No. 4-1 and Bowery's amended proof of claim No. 4-2.

1197425.1                                     6                                        REPLY

implicates the automatic stay or some other imaginary stay, "effectively estopping" Bowery from foreclosing on its mechanic's lien.

The California rules for filing and perfecting a mechanic's lien are clear. There is no rule prohibiting recording and perfecting a mechanic's lien simply because the contractor becomes aware that a bankruptcy case will be filed in the future. Instead, the calculus is quite simple. On or about November 25, 2016, 90 days had elapsed after the filing of the Claim of Mechanic's Lien. Bowery had not filed any action to enforce the mechanic's lien as required by Cal. Code Civ. Proc. § 8460(a). Therefore, the lien was void and unenforceable as of that date. No bankruptcy petition had been filed, and even if a bankruptcy petition had been filed, pursuant with the analysis above, Bowery would not have been excused from filing a notice of enforcement of the mechanic's lien.

Bowery's knowledge of a future bankruptcy case is completely irrelevant. Not only would such knowledge be irrelevant even if the filing of the bankruptcy case changed its rights with respect to its requirement to perfect its mechanic's lien, but it is absolutely irrelevant where the filing of the bankruptcy case does not affect Bowery's rights and obligations with respect to its mechanic's lien. Under no theory would knowledge of a future bankruptcy filing operate to absolve Bowery's of its requirement to perfect its lien in accordance with California law.

Put simply, there is no theory upon which Bowery can claim that it had a valid lien, or could have a valid lien, at the time of the Stipulation. Thus, its alleged secured claim cannot form the basis for an objection to the sale of the Property.

### III.  BOWERY ASSERTS NO VALID BASIS TO DENY THE MOTION

Bowery's unsupported assertions that the proceeds of the sale of the Property will be used only to fund administrative expenses should not be considered by the Court. This claim is both inaccurate and not met out by any concrete facts. Is Bowery really suggesting that $100,000 of income to the estate is inconsequential? Moreover, there is clear benefit to the Estate because the sale is satisfying the secured creditor and generating additional proceeds. Moreover, the Trustee has been advised that there will be an overbidder at the hearing which may lead to additional proceed generation for the Estate.

In addition, Bowery's oblique reference to Section 363(f) should not be considered. Bowery does not specify what factors of this section have not been complied with, but merely suggests that a failure to comply with this section should prevent the sale. This does not make sense. Section 363(f) is designed to facilitate sales notwithstanding disputed liens.  The intent of the section is to assist the Debtor in proceeding with a sale -- not to prevent a sale from occurring.  Here, there is no basis under Section 363(f) (and certainly not one articulated by Bowery) to deny the Motion.

## IV.    CONCLUSION

Accordingly, the Trustee respectfully requests the Court enter an order granting the Motion and Approving the Sale of Real Property.

Respectfully submitted,

Dated: December 4, 2018                    WEILAND GOLDEN GOODRICH LLP


By: */s/ Jeffrey I. Golden*
    JEFFREY I. GOLDEN
    FAYE C. RASCH
    RYAN W. BEALL
    Counsel for Chapter 7 Trustee
    Thomas H. Casey

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Reply to [Alleged] Secured Creditor Bowery Investment Group, Inc. dba Bowery Design & Development's Opposition to Motion for Order Authorizing Sale of Real Property of Real Property Free and Clear of All Liens, Claims, and Encumbrances
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 4, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 4, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 4, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served by Personal Delivery**
Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/4/2018 | Victoria Rosales | *victoria* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Simon Aron    saron@wrslawyers.com
Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Chad V Haes    chaes@marshackhays.com, 8649808420@filings.docketbird.com
Michael J Hauser    michael.hauser@usdoj.gov
D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
Scott A Kron    scott@kronandcard.com
Marc Y Lazo    mlazo@whbllp.com
Richard A Marshack    rmarshack@marshackhays.com, lbuchanan@marshackhays.com;8649808420@filings.docketbird.com
Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;jchung@swelawfirm.com;csheets@swelawfirm.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com
Rachel M Sposato    rsposato@jhindslaw.com, mduran@jhindslaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**SERVED BY UNITED STATES MAIL**:
Mt Yohai, LLC
3991 MacArthur Blvd., Suite 125
Newport Beach, CA 92660

Bowery Design and Development
8581 Santa Monica Blvd., #204
West Hollywood, CA 90069

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**